Nov. Term, 1846.

HARDESTY
v.
KINWORTHY.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*W. Quarles* and *H. O'Neal*, for the appellant.

*A. A. Hammond*, for the state.

(1) *The State* v. *Hunter, ante*, p. 212.

---

HARDESTY *v.* KINWORTHY and Another.

A promissory note was assigned after the death of the maker, and after his estate had been declared insolvent by the Probate Court; but it appeared that a dividend uncertain in amount would be paid to the creditors. The assignee, without waiting to receive the dividend, sued on the assignment. *Held*, that the suit would not lie.

In a suit commenced before a justice of the peace, by the assignee against the assignor of a promissory note, the note and assignment may be filed as a cause of action.

*Wednesday, December 30.* ERROR to the *Boone* Circuit Court.

PERKINS, J.—This was an action of assumpsit by an assignee against the assignors of a promissory note. The action was commenced before a justice of the peace. The note, with the indorsement thereon, was filed as the cause of action. Judgment before the justice for the plaintiff, and an appeal taken to the Circuit Court. Judgment in that Court for the defendants.

The case is as follows: The indorsed note, filed with the justice as above stated, bore date *March* 21, 1842, and was payable, one day after date, by *Squire Long* to *Cason Burckhalter.* In *June,* 1842, *Long,* the maker, died. In *May,* 1843, *Burckhalter* assigned the note to *Kinworthy* and Son, the present defendants, and they assigned it to *Hardesty,* the present plaintiff. Before the assignment of the note by *Burckhalter,* the estate of *Long* had been declared insolvent by the proper Probate Court, but it would pay a dividend, uncertain in amount, on the claims against it. Without waiting to receive this dividend, *Hardesty* sued his assignors for the amount of the note; and the question is whether he should have delayed such suit till after the settlement, and distribution of the assets, of the maker's estate.

Had the maker been living, it would, according to previous

decisions of this Court, have been the duty of the assignee, holding the note, to sue the maker before looking to his assignors, if by such suit he could have made any part of the debt. The doctrine is, that all the property of the maker, subject to the payment of debts, must be exhausted, before recourse can be had to the assignor. The term "open and notorious insolvency," therefore, when used in connection with this question, imports something more than when used in common parlance. It implies, not the want of sufficient property to pay all of one's debts, but the absence of all property, within reach of the law, applicable to the payment of any debt. The insolvency of the estate of the maker of the note in this case, then, was not sufficient to excuse the assignee from proceeding against it; nor do we think the death of the maker furnished such excuse. The law supplies a representative where the decedent does not, and provides a remedy against the estate; and the assignee may not be put to more trouble, or subjected to longer delay, in obtaining his money through the administrator or executor, than he would have experienced in exhausting his remedy against the maker, had he been living.

It is also insisted by the defendants' counsel, that, but for the negligence and waste of the administrator, *Long's* estate would have paid all his debts; and that the assignee must take his remedy against the administrator for such waste, before looking to the assignors. The decision of this point is not necessary in the case before us, and we prefer to defer the consideration it demands, till the right determination of a cause may require its bestowment.

It is also objected that the cause of action is insufficient. It was held in *Watson* v. *New*, 4 Blackf. 313, that the note and indorsement constituted a good cause of action, in a suit by the assignee against the assignor.

*Per Curiam.*—The judgment is affirmed with costs.

*W. W. Wick* and *L. Barbour*, for the plaintiff.

*H. O'Neal*, for the defendants.