## DOLE *v.* WATSON.

Assumpsit. The first count alleges that *A.* gave his note to the defendant in 1835, payable in a year from the *January* following; that, in *July*, 1836, he assigned it to the plaintiff, and he assigned it, in the *October* following, to *B.*; that in *June* the administratrix married; that in 1838, *B.* obtained a judgment against her and her husband; that in 1839, a *fi. fa.* issued and returned no goods found; and that the estate of *A.*, at the time of his death, was notoriously insolvent, &c. *Held*, that the count did not show due diligence.

The third count alleges that *A.*, when he gave the note, executed a mortgage on real estate to secure the payment thereof; that the mortgage was assigned with the note; that, in 1837, *B.* obtained a decree for the sale of the mortgaged premises; that the premises were sold in 1837 for 1,036 dollars, which was applied to the mortgage-debt; that, in 1838, *B.* sued the administrators for the balance due and obtained judgment for 686 dollars; that, afterwards, he sued the latter for waste and recovered judgment for 372 dollars, which last judgment was secured; that the administrators fully administered; that there was no property to make the residue of the first judgment; and that he was compelled to pay the balance of the note to the plaintiff and take it back, &c. *Held*, that this count does not show a case of due diligence. *Held*, also, that unless the plaintiff sustained his allegation of insolvency by showing that the maker left no property at all, except the mortgaged premises, which the law could reach for any debt, he could not recover.

May Term,
1850.

Dole
v.
Watson.

Wednesday,
August 21.

ERROR to the *Vigo* Circuit Court.

BLACKFORD, J.—This was an action of assumpsit in which *Watson* was plaintiff and *Dole* defendant. The declaration contains four counts. The first three counts are on the indorsement of a promissory note. The fourth count requires no further notice, as it gives rise to no question in the cause.

The first count alleges that a note was given, on the 7th of *November*, 1835, by one *John C. Hurd* to the defendant, *Dole*, for the payment of 1,500 dollars in one year from the 1st of *January* then next; which note was, on the 23d of *July*, 1836, assigned by the payee to the plaintiff, and was also, on the 25th of *October*, 1836, assigned by the plaintiff to one *Warren;* that the maker of the note died on the 1st of *May*, 1836, and one *Ann Hurd* administered on his estate on the 24th of *May*, 1836; that, on the 16th of *June*, 1837, the administratrix married one *Clarke;* that Warren, on the 9th of *February*, 1838, sued the administratrix and her husband on the note, and, on the 23d of *February*, 1838, recovered judgment in the suit; that a *fieri facias* was issued, on the 23d of *October*, 1839, on the judgment, and was returned on the next day, that no goods or chattels could be found whereon to levy, (meaning thereby that there were no goods or chattels, lands or tenements, on which to levy). This count also alleges that *Hurd's* estate, at the time of his death, was wholly and notoriously insolvent, and unable to pay the demands against it; that no goods and chattels had, at any time, come to the hands of said administrators by which they could pay the note; and that the note had been returned to the plaintiff, who had been obliged to pay the same to *Warren*. By means whereof the defendant became liable to the plaintiff, &c.

The second count is similar to the first, except that it does not allege any suit to have been commenced against the administrators on the note.

The third count, which describes the note and assignments as the other counts do, states that the maker, *Hurd*, when he gave the note, executed a mortgage on certain

real estate to secure the payment of the note; and that when the note was assigned, as noticed in the other counts, the mortgage was assigned with it; that the maker died, and that *Ann Hurd* administered and was married, at the times mentioned in the other counts. This third count also states that *Warren*, at the *May* term, 1837, filed a bill against the unknown heirs of *Hurd* and obtained a decree for the sale of the mortgaged premises; that those premises were sold, on the 9th of *November*, 1837, under the decree, for 1,036 dollars, which money, after deducting the costs, was applied to the payment of the mortgage-debt; that about the 9th of *February*, 1838, *Warren* sued said administrators in the Probate Court, for the balance due on the note, and obtained judgment against them, at the *February* term, 1838, for 686 dollars. This third count further states that *Warren* afterwards, to-wit, at the *November* term of the Probate Court, sued the administrators for waste, and recovered judgment against them for 372 dollars; that the administrators have secured the last-named judgment, and have also fully administered all the personal estate; that there is not, nor has there been since *Hurd's* death, any real or personal estate out of which the residue of the judgment of 686 dollars could be made; and that the plaintiff has been compelled to take back the note from *Warren*, and pay him the balance due on it. By means whereof, &c.

Plea, the general issue. There is also a special plea, but it occasioned no question not involved in the general issue.

The cause was tried by the Court, and judgment rendered for the plaintiff.

The second count does not allege that the note had been sued on; but it relies on the alleged insolvency of *Hurd's* estate, as an excuse for not suing.

The other counts allege suits to have been brought on the note; and they aver' also the insolvency of *Hurd's* estate.

The first count, in undertaking to show due diligence,

does not allege that *Warren* filed his claim, at any time, in the clerk's office of the Probate Court. The alleged suit against the administrators was not commenced until nearly two years after the granting of letters of administration, and no execution was taken out on the judgment in that suit until nearly two years after it was rendered. No proceeding whatever against real estate is alleged. The first count, therefore, does not show a case of due diligence for the collection of the debt.

The third count, in attempting to show due diligence, does not allege the filing of any claim in the clerk's office of the Probate Court. No suit appears to have been brought on the note until nearly two years after the letters of administration were granted; and it is not averred that any execution on the judgment in that suit was ever taken out. It is alleged that, for part of the judgment in that suit, a judgment was recovered against the administrators for waste, but when the suit for waste was commenced, and in what year the judgment in such suit was recovered, we are not informed. A case of due diligence, therefore, is not made out in the third count.

The record contains all the evidence; and unless the plaintiff sustained the allegations in his declaration of insolvency by showing that the maker of the note left no property at all, except the mortgaged premises, that the law could reach, for the payment of any debt, he cannot recover. *Hardesty* v. *Kinworthy*, 8 Blackf. 304.

The only evidence as to there being no personal property, is that given by Mrs. *Clarke*, the administratrix. All she says on the subject is, that she had paid all the debts against the estate except the note now in question; that she had never converted any real estate into assets; and that the intestate died seized of the real estate described in the mortgage; and that before the foreclosure of the mortgage, she received for rent of the mortgaged premises 250 dollars. That evidence, instead of showing that the intestate left no personal property that the law could reach for the payment of any debt, is altogether the other way.

Whether the intestate left any real estate, other than the mortgaged premises, we are not informed. No attempt appears to have been made to prove that there was no such real estate.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for another trial. Costs here.

*J. P. Usher*, for the plaintiff.

*A. Kinney* and *S. B. Gookins*, for the defendant.