May Term, 1858.

Swift
v.
Ellsworth.

---

Swift and Another *v.* Ellsworth.

| 10 | 205 |
| 148 | 115 |

In a suit brought by the assignee to foreclose a mortgage executed to secure the payment of a promissory note, a paragraph of the answer admitting the assignment by denying that the assignee is the real party in interest, but alleging no facts which would enable the Court so to decide, is bad on demurrer.

As was formerly the rule in equity, so by our statute, the real party in interest must bring the action, except where the statute has otherwise provided; and in a suit by the assignee of a promissory note, an answer showing affirmatively that the plaintiff is not the real party in interest, and that he is not authorized to sue by any of the statutory exceptions, is good.

Where a demurrer to a pleading has been sustained, the refusal of a continuance to enable the party filing it to obtain answers to interrogatories framed to elicit evidence to sustain his pleading, is not error.

Though a party in his complaint name himself plaintiff, and other persons defendants, it does not follow that all the defendants named will necessarily continue their adverse relation to him throughout the action, and if one of such defendants, being a proper party to the action, cease, in the progress of the pleading, to be adverse to the plaintiff, such defendant cannot be examined as a witness on the plaintiff's behalf.

If in a suit by the assignee of a promissory note against the maker, the payee be joined as a defendant, and he fail to demur or answer, and afterwards file a pleading, in the nature of a reply to the answer of his co-defendant, and the issues formed were such as to enable the Court to determine how much the assignee was entitled to recover from the maker, and what deductions the maker was entitled to for payments made severally to the payee or the assignee, and thus the amount for which the payee would be responsible,— such payee is a proper party to the action.

APPEAL from the *Benton* Circuit Court.

HANNA, J.—This was an action by *Ellsworth*, assignee of *Rowe*, against *Swift* and *Rowe*, on a promissory note, made by *Swift* to *Rowe*, and to foreclose a mortgage, &c., for 4,780 dollars.

*Rowe* filed no answer. *Swift* answered in four paragraphs, setting up, 1. Matters of set-off between himself and *Rowe*, and also certain counter-claims for damages by way of recoupment. 2. Part payment to *Rowe*. 3. That *Ellsworth* was not the real party in interest, but that the note, &c., was the exclusive property of *Rowe*. 4. As follows: "That said note was assigned by the defendant, *Rowe*, to the plaintiff, by indorsement in blank, as alleged; that it was so assigned and delivered to the plaintiff by *Rowe*, to secure to said plaintiff 2,500 dollars which *Rowe* owed plaintiff, and for no other consideration; that after said assignment and delivery, the defendant, *Swift*, paid to the plaintiff the said sum of 2,500 dollars, in full, being all the interest of the said *Ellsworth* in said note, and that since said payment the said plaintiff has not acquired any interest in the residue of said note; that the said pay-

merit is credited on the note, and that the plaintiff is not
the real party in interest in this suit, but that the said de-
fendant, *Rowe*, is the exclusive owner of said 'note."
The affidavit of the agent of *Swift* was filed as to the
truth of this fourth paragraph, and as to the materiality,
&c., of an answer to the interrogatories therewith filed.

Separate denials were filed by *Rowe* and *Ellsworth* to
the first and second paragraphs of the answer of *Swift*,
forming issues of fact; and to the third and fourth para-
graphs *Ellsworth* demurred. The demurrer was sustained.
Trial on the issues of fact. Finding and judgment for
*Ellsworth* against *Swift* for 2,034 dollars and 4 cents.
*Swift* appeals.

The interrogatories filed with the fourth paragraph were
intended to elicit evidence to support the allegations of
said answer. After the demurrer was sustained to the
fourth paragraph, the Court refused to continue the cause
for an answer to said interrogatories.

Three questions are presented—

*First.* As to the sufficiency of the third and fourth para-
graphs of the answer.

The third paragraph is clearly bad. *Lamson* v. *Falls*, 6
Ind. R. 311. That was a suit similar to this, and the an-
swer was the same as this third paragraph. It is there
said that " The defect in the paragraph in question is, that,
in effect, it admits the assignment of the note and mort-
gage, but does not contain such a state of facts as would
enable the Court, in view of the assignment, to say, as
matter of law, that *Falls* is not the real party in interest."
The third paragraph in this case is open to the same ob-
jection.

The fourth paragraph is framed with a view to avoid
that objection, by setting out the facts specifically, and
causing the truth thereof to be verified by affidavit. The
appellees insist that, even if this fourth paragraph shows
facts sufficient to enable the Court to say that *Ellsworth*
was not the real party in interest, yet, under the statute,
he was, as the holder of the note by assignment, entitled
to maintain the action in his own name. That statute is

May Term, as follows: Section 1. "That all promissory notes, &c.,
1858. shall be negotiable by indorsement thereon, so as to vest

SWIFT the property thereof in each indorser successively." Sec-
v.
ELLSWORTH. tion 2. "The assignee of any such instrument may, in his
own name, recover against the person who made the same."
1 R. S. p. 378.

This statute makes the assignee, for the purpose of suing,
the legal holder of the instrument, unless a state of facts
may be shown to deprive him of that right, under § 3, 2 R.
S. p. 27, which is as follows: "Every action must be prose-
cuted in the name of the real party in interest, except as
otherwise provided in the next section." The provision of
the next section is as follows: "An executor, administrator,
a trustee of an express trust, or a person expressly author-
ized by statute, may sue, without joining with him the per-
son for whose benefit the action is prosecuted."

Is the assignee of a promissory note, who may hold it as
such, without any real interest, one of that class of per-
sons here referred to as being "expressly authorized by
statute" to sue? or does the provision have reference to an-
other class of persons, such as the guardian of an idiot, &c.?

We are of opinion the clause of this section above quo-
ted, does not have reference to the rights of an assignee of
a promissory note, but to such persons as may be author-
ized to sue in their own names, because of holding some
official place; as the president of a bank, under the general
law (1 R. S. p. 157), or as the trustee of a civil township
(Id. 467), &c. It therefore follows, that the real party in
interest, as was formerly the rule in equity, must bring the
action, subject to the provisions and exceptions of the stat-
ute; and that if any other than those thus authorized should
bring suit as plaintiff, an answer showing affirmatively the
facts, is a good answer. We think the fourth paragraph of
this answer was sufficient. Van Santvoord's Pl. 109, 421,
478.

The next question arises upon the refusal of the Court
to continue the cause for an answer to the interrogatories
filed with the answer of the defendant, Swift. They were
pertinent and relevant to the issues tendered by the third

and fourth paragraphs of the answer. A demurrer having been sustained to those paragraphs, a refusal to continue for an answer to the interrogatories, was, under that ruling, correct, for the reason that responsive answers to those questions could not have been properly admitted as evidence under either of the other issues. But as the fourth paragraph was sufficient, the demurrer ought to have been overruled as to it, and the cause continued, if necessary, to obtain an answer to the interrogatories.

The third point raised, is upon the ruling of the Court in admitting, on motion of the plaintiff, *Rowe*, one of the defendants, as a witness. *Rowe* had filed no answer. His co-defendant, *Swift*, had, which involved the right of *Swift* to have certain deductions from the note sued on, because of claims for damages and payments by him, held against *Rowe* as assignor.

The interest of *Rowe* was certainly adverse to that of *Swift*, under the issues of fact found and submitted for trial, and was not adverse to that of *Ellsworth*, within the meaning of the statute, for their replies to the answer of *Swift* are similar. Whatever evidence was introduced, under the issues, was directed to the liability of *Rowe* for damages and payments; and although the same was intended to lessen the amount to be recovered by the plaintiff from the defendant, *Swift*, yet it might, in the same suit, if *Rowe* was a proper party, authorize the plaintiff to recover against *Rowe* such sum as should be thus deducted, in consequence of his liability to *Swift*. The statute, which it is insisted authorized the introduction of the testimony of *Rowe*, is as follows: "A party to an action may be examined as a witness, at the instance of the adverse party, or of any one of several adverse parties, and for that purpose may be compelled, in the same manner, and subject to the same rules of examination, as other witnesses, to testify, either at the trial, or conditionally, or upon commission." 2 R. S. p. 96, § 295. Now, it is clear that, as to the matters put in issue by the pleadings, the real controversy was between the two defendants; and the plaintiff stood ready to take his judgment against *Swift* for the

May Term,
1858.

SWIFT
v.
ELLSWORTH.

whole amount due on the note, or for the amount less all just sums deducted for payments to *Rowe*, or legal liabilities by him incurred before the maker had notice of the assignment. The true construction of this statute arises upon the adverse interest, as shown by the proceedings in the case, at the time the offer was made; and it does not follow that because one person may in his complaint name himself plaintiff, and several others defendants, that, therefore, all those others shall continue, necessarily, to be adversary parties to him during the whole progress of the case. But it is insisted that he was not a necessary party to the suit, and, therefore, although he might have been interested, the plaintiff was entitled to his testimony. Under the 2 R. S. p. 80, § 238, whatever might have been the rule as to his admissibility as a witness upon the issues made, if he had not been a party to the record, it is not necessary to decide, if he is a proper party. The statute under which it is argued that he is a proper party is the following:

" The holder of any note or bill of exchange, negotiable by the law merchant, or by law of this state, may institute one suit against the whole, or any number of the parties liable to such holder," &c.   1 R. S. p. 379, § 16.

By the first section of the same act, promissory notes are negotiable by indorsement thereon. But is there such a liability to the holder as makes the indorser a proper party defendant in a suit against the maker? The fourth section of the same act provides that "any such assignee, having used due diligence in the premises, shall have his action against his immediate or any remote indorser." The question, then, is, when is the liability of the assignor to the assignee complete, so as to authorize a suit? Does it attach upon the failure of the maker to pay, or not until suit shall have been resorted to, as to the maker?

In the case at bar, it will be recollected that *Rowe* did not answer the complaint, nor did he demur because he was improperly joined. His co-defendant could not make the objection for him.  2 Barb. Ch. 106.—*Id.* 618.—8 How. Pr. R. 392.

Thus we have, then, a case where the holder of a note,

of his own volition, has made the maker, and the payee thereof, defendants. The payee, who is the immediate assignor of the plaintiff, in like manner voluntarily submitted to be made a defendant, by failing to demur to the complaint, and thus testing the question of whether it contained facts and averments sufficient to make him a party defendant. But the further pleadings in the case, the answer of his co-defendant, and what is called his reply to that answer, show that he was then a proper party, under the sections of the statute already referred to when construed in connection with § 22, 2 R. S. p. 32, and § 368, *id.* p. 121. Section 22 gives the Court the power "to determine any controversy between the parties before it," &c.; and § 368 gives power to "determine the ultimate rights of the parties on each side, as between themselves;" in the rendition of the judgment. For instance, in the case at bar, the maker of the note, the payee (who had become the assignor thereof), and the holder, were all before the Court. The issues formed were such as to enable the Court to determine how much the holder or assignee was entitled to recover of the maker—what deductions the maker was entitled to for payments, &c., to the assignee, and to the assignor—and thus the amount that the assignor would be ultimately responsible for to the assignee.

All that we determine upon this point is, that, under the peculiar circumstances of this case, the pleadings and facts in the progress of the cause, made *Rowe* a proper party, before he was offered as a witness, and, upon the issues formed, incompetent to testify.

We do not decide what would be, primarily, a sufficient complaint to make the payee a defendant, together with the payor, where such payee should choose to test the question. That point is not before us.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*S. A. Huff, Z. Baird* and *J. M. La Rue,* for the appellants.

*R. C. Gregory, H. W. Chase* and *J. A. Wilstach,* for the appellee.