## CHARLES *v.* CONES and Others.

*A.* and *B.* were, respectively, the owners of adjoining tracts of land, which they held from a common grantor, *C.* Suit by *A.* against *B.* to recover possession of a part of the land, claimed to be embraced in *C.'s* deed to him, *A.,* and which *B.* was alleged to occupy without right. *B.* filed a counter claim, making the heirs of *C.* parties, alleging a mistake in the description contained in his deed, and asking to have the same corrected, so as to include the land in controversy, or that a proper rebatement might be made from the purchase money yet owing by him to the representatives of *C.* On the trial, *D.,* who was the husband of one of the heirs of *C.,* and with his said wife was made a party to the counter claim, was offered by *A.* as a witness, to prove that there was no mistake in the deed of *B.,* but that the same embraced all the land purchased by him.

*Held,* that if *B.* really bought the land in controversy, under such circumstances as would entitle him to have the mistake in the deed corrected as

against *A.*, and those claiming under him, and as against the heirs of *C.*, he would be entitled to such relief in this suit, and the heirs of *C.* might be properly made parties for that purpose; but if it should be found that he was not entitled to such relief as against *A.*, and those claiming under him, although he might be entitled to relief by way of rebatement of the purchase money, as against the heirs of *C.*, it may be doubted whether the latter relief could be obtained in this suit.

*Held*, also, that the question of the rebatement of the purchase money, as against the heirs of *C.*, was one in which *A.* was in no manner interested, and which could in no manner affect him; but perhaps, under §§ 22 and 368 of the code, the heirs of *C.* might be deemed proper parties defendant, and if so, probably, in case the facts warranted it, *B.* would be entitled to relief against them, in this suit.

*Held*, also, that *D.* was a competent witness as between *A.* and *B.*, although as between *B.* and the heirs of *C.* he might not have been competent.

APPEAL from the *Marion* Circuit Court.

W₀RDEN, J.—This was an action by *Cones* against *Charles*, to recover possession of a part of lot number seventeen, in *Drake* and *Mayhew's* addition to the city of *Indianapolis*.

The lot in controversy is a part of the south half of the southwest quarter of section thirty-five, in township sixteen, north, of range three, east. It runs to the north line of the south half of the quarter section of land mentioned, excepting an intervening alley of fifteen feet in width. *Mayhew*, under whom *Cones* claims title, purchased the south half of the quarter section of a commissioner appointed by the *Marion* Circuit Court, to sell the real estate of *Nathaniel West*, Sr., deceased. In like manner, *Charles* and *Shapley* purchased the north half of the quarter section, excepting a piece that had been sold to one *Yount*, the whole quarter section having been the property of *West*.

*Charles* answered by denial; and also filed a counter claim, making the heirs and devisees of *West* parties, and alleging, in substance, that he and *Shapley*, in making their purchase, not knowing precisely where the line would run, dividing the quarter section into equal halves, were not governed by such line, but bought the property on which a mill and certain other buildings pertaining thereto were situated, and which extended so far south as to include forty feet of the lot in controversy; that a mistake was made in their deed, in

May Term,
**1861.**

CHARLES
v.
CONES.

*Tuesday,*
*June 18.*

describing the land purchased by them as the north half of the quarter section, when it should have been so described as to embrace the property actually purchased; that a portion of the purchase money remained unpaid. Prayer, that the mistake may be corrected, and the defendant protected, &c., or that a proper rebatement may be made of the purchase money yet due.

Issues were formed, and the cause tried by a jury. Verdict and judgment for the plaintiff.

*Charles* appeals, and relies upon but one point for a reversal of the judgment, which is the admission of the testimony of a witness claimed to be incompetent.

*Henry W. Ellsworth*, and *Mary E.*, his wife, were made defendants to the counter claim, the said *Mary E.* being, as the bill of exceptions states, a daughter, and one of the heirs at law, of said *West*, deceased. *Henry W.* was introduced as a witness for the plaintiff, *Cones*, and testified, over the objection of *Charles*, to facts going to show that *Charles* and *Shapley* only purchased the land described in their deed, and not any part of the south half of the quarter section.

It is claimed that *Ellsworth* was incompetent to testify to these facts. If *Charles* and *Shapley* really bought the land, as claimed, embracing a part of the lot in controversy, under such circumstances as would entitle *Charles* (he having purchased *Shapley's* interest) to have the mistake in the deed corrected as against *Mayhew*, and those claiming under him, and as against the heirs of *West*, he would be entitled to such relief in this suit, and the heirs of *West* might be properly made parties for such purpose. But if it should be found that he was not entitled to such relief as against *Mayhew*, and those claiming under him, although he might be entitled to relief by way of a rebatement of the purchase money, as against the heirs of *West*, it may well be doubted whether the latter relief could be obtained in this suit. This latter question, between *Charles* and the heirs of *West*, was one in which *Cones* had no interest, and which could in no manner affect him. "The matter of counter claim must arise out of, or be connected with, the plaintiff's cause of action, and must be such as constitutes a cause of action (at common law,

May Term,
1861.

CHARLES
v.
CONES.

legal or equitable,) in favor of the defendant, against the plaintiff, or plaintiffs." Perk. Prac. p. 228. Perhaps, however, under the provisions of §§ 22 and 368 of the code, *West's* heirs might be deemed proper parties defendant, and if so, probably, in case the facts warranted it, *Charles* would be entitled to relief against them in this suit. *Vide Swift* v. *Ellsworth*, 10 Ind. 205.

We now come more immediately to the question of the competency of *Ellsworth* as a witness.

Interest no longer disqualifies. Code, § 238. If he was incompetent, it was because he was a party to the record. If he was a party adverse to *Cones*, the latter had a right to examine him as any other witness. Code, § 295. If, however, he be deemed to occupy the position of a co-plaintiff with *Cones*, it is necessary to inquire whether he was jointly interested or liable with him, in respect to the matter about which he testified, and concerning which a joint and not a separate judgment should be rendered.

In our opinion, no such joint interest existed as would exclude the witness. The title to all the land had passed out of the heirs of *West*. The question was simply between the purchasers of the respective portions of the land. No joint judgment could be rendered against *Cones* and the heirs of *West*. As between *Charles* and the heirs of *West*, the witness might not have been competent, but he was not offered by such heirs. As between *Cones* and *Charles*, he was competent, as is established by the following authorities: *Moore* v. *Allen*, 5 Ind. 521; *Johnson* v. *Cook*, 7 *id.* 240; *Muir* v. *Gibson*, 8 *id.* 187; *Draper* v. *Vanhorn*, 12 *id.* 352; *Hubbell* v. *Woolf*, 15 *id.* 204.

We have not thought it necessary to examine whether, in any case, a party to the record, who is made such merely on account of his wife's interest in the subject of controversy, would thereby be excluded as a witness.

*Per Curiam.*—The judgment is affirmed, with costs.

*John Coburn, James Morrison* and *C. A. Ray,* for the appellant.

*Lucian Barbour* and *J. D. Howland,* for the appellees.