Litterer *v.* Page.

*Per Curiam.*—The judgment is affirmed, with costs.

*T. B. Redding,* for the appellant.

*Brown & Polk,* for the appellees.

------

## LITTERER *v.* PAGE.

PROMISSORY NOTES—DUE DILIGENCE.—Where the maker of a note dies before its maturity, and the note is then duly filed as a claim against his estate, and then his administrator resigns and no other is appointed, due diligence requires that the claimant on the note, in order to retain the liability of the assignor, should apply for the appointment of another administrator, or institute an action against the heirs of the estate and procure an order subjecting the property inherited by them to the payment of the note.

VOL. XXII.—22.

APPEAL from the *Jefferson* Common Pleas.

DAVISON, J.—This was an action by the indorsee of a promissory note, not payable in bank, against the indorser. The appellant was the plaintiff, and the appellee the defendant. The note is for the payment of 300 dollars; bears date *September* 6th, 1856; was executed by one *Coffin O. Page*, and is payable at twelve months to the defendant, who, by indorsement, assigned it to the plaintiff.

The complaint alleges these facts:    *Coffin O. Page*, the maker of the note, died before its maturity, viz : on the 14th of *July*, 1857, in *Jefferson* county; the widow and heirs of the deceased were, at his death, and at all times since have been, residents of said county; on *November* 24th, 1857, one *James H. Cunningham* was, by the Common Pleas Court of the county aforesaid, duly appointed administrator of the decedent's estate, and as such was duly qualified; on the 18th of *September*, 1858, the plaintiff, with the proper affidavit thereto attached, filed the note against the estate, which was duly allowed by the administrator; after this, on the 11th of *November*, then next following, *Cunningham* was, on his own petition, discharged by the Court from the further administration of the estate, and, on the 10th of *February*, 1859, one *William G. Wharton* was appointed administrator, who, on the 15th of *August* then next ensuing, procured an order for the sale of the real property belonging to said estate, and afterwards sold the same to one *Michael G. Garber;* that sale was, by the administrator, reported to the Court, was approved, and a deed was ordered to be made to the purchaser; but *Garber* having failed and being unable to pay the purchase money, the sale was, upon the application of the administrator, set aside.    It is averred that the order of sale is still in force, but the administrator was unable to sell; that on *December* 31st, 1861, he was, on his own petition, discharged from the further administration of the estate, and that since

Litterer *v.* Page.

the 31st of *December* aforesaid, no letters of administration upon the estate have been taken; that the plaintiff, at the decedent's death, was, and at all times since has been, a nonresident of this State; but has continuously urged the settlement of said estate, and has not been in default in her endeavors to collect therefrom the note in suit; and that *Cunningham* and *Wharton* have fully administered upon the personalty that came to their hands. Wherefore, &c. Demurrer to the complaint sustained, and final judgment for the defendant.

Are the facts alleged in the complaint sufficient to authorize a suit against the assignor of the note? This is the only question to settle.

In cases of this sort the assignee, in order to recover, is required to use due diligence against the maker, if in life when the note matures, if he is not, then against his estate, unless a legal excuse for not using it can be shown. The doctrine is that the property, subject to the payment of the debts of the maker, must be exhausted before recourse can be had to the assignor. *Hardesty* v. *Kenworthy*, 8 Blackf. 304. Here, the maker died before the note became due, and we are at once led to inquire whether the assignee has used due diligence to collect the note from the estate of the decedent. With the proper affidavit thereto attached, she filed the note against the estate, which was allowed by *Cunningham*, the then administrator, who, having resigned the trust, *Wharton* was appointed in his stead. The former was administrator about one year, and the latter, having procured an order and made a sufficient effort to sell the real estate, was, upon his own petition, discharged from the further administration of the estate. Until the resignation of *Wharton* the plaintiff, it may be conceded, was not chargeable with any want of diligence. But, upon his resignation, she made no effort for the appointment of a successor, and we must pre-

sume, if a proper application had been made to the Court or clerk, by any creditor, that an administrator would have been appointed. There is, however, another reason why the plaintiff can not be held to have used due diligence. She had a right, though there was no administrator, to file her complaint against the heirs of the estate, and procure an order subjecting the property which they inherited from the decedent to the payment of the note. *Bryer* v. *Chase*, 8 Blackf. 508, and cases there cited; *Dale* v. *Watson*, 2 Ind. 177; *Philpot* v. *Webb*, 20 Ind. 510. True, if there be an administrator, he may be compelled to settle the estate; but where, as in this case, there is none, the plaintiff is plainly entitled to a remedy against the heirs of the maker of the note. We think that, in this case, the plaintiff has failed to use such diligence in the collection of the note, as the law requires, and the result is, the demurrer was well taken.

*Per Curiam.*—The judgment is affirmed, with costs.

*C. E. Walker* and *A. D. Matthews*, for the appellant.

*Jeremiah Sullivan*, for the appellee.