## NEWCOME and Others *v.* DUNHAM and Others.

PROMISSORY NOTES.—PLEADING.—Suit by A against B, C and D upon a promissory note executed by B and C, payable to D, at a bank in this State, and indorsed by D. Answer by B and D, that the plaintiff was not the real party in interest, but that the note actually belonged to one E,

and that the suit was brought in the name of A to enable E to avoid his liability to the makers and indorsers of the note, growing out of the following facts, viz., that B and D became liable upon the note solely for the accommodation of E, and delivered the same to him with the agreement that if the note was negotiated he would pay it at maturity, and that E received the proceeds of the note. The answer further asked that E might be made a party defendant, and that if it should appear that A was a *bona fide* holder of the note, that judgment might go against E as principal, and against the defendants B and D as his sureties.

*Held,* that the answer was not sufficient to put in issue the question whether A was the real party in interest.

*Held,* also, that considered as a counterclaim, the pleading did not allege anything against the plaintiff.

*Held,* also, that if the defendants B and D had any right of action against E, growing out of the facts alleged, it must be made the subject of a separate action.

APPEAL from the *Wayne* Common Pleas.

FRAZER, J.—This was a suit by the appellee, *Lustin A. Dunham*, against the defendants, *Robert B. Newcome* and *Franklin G. Newcome*, and one *David S. Burson*, upon a note and the indorsement thereof. The note was executed by the defendants *Burson* and *Robert Newcome*, payable to the defendant *Franklin G. Newcome*, at the *Muncie* branch of *The Bank of the State*, and was indorsed in blank by the payee, not paid at maturity, and duly protested for non-payment, and the necessary notice thereof given to charge the indorser. It was alleged also that the plaintiff became the holder of the note before maturity. *David S. Burson* was defaulted. The *Newcomes* filed an answer in the nature of a counterclaim, alleging that the plaintiff was not the real party in interest; that the note actually belonged to one *John W. Burson*, and that the suit was brought in the name of *Dunham* to enable *Burson* to avoid his liability to the makers and indorsers of the note, growing out of the following facts, to-wit: that the *Newcomes* became liable on the note merely for the accommodation of the said *John W.*, and delivered the same to him with the agreement that if the note was negotiated he would pay it at maturity; that they received no consideration or benefit from the note, or its

proceeds; that said *John W.* received the whole.  But if it should be shown that the plaintiff is the *bona fide* holder, they ask then that judgment be rendered against *John W.* also, and that they stand only as his sureties, and that execution be levied first upon his property, &c.  *John W.* was made a defendant to this counterclaim, and a judgment was prayed. The plaintiff had a demurrer sustained to this pleading, and that is assigned for error.  *John W. Burson* answered the counterclaim, denying the jurisdiction of the court, for the reason that he then was, and always had been, a resident of *Delaware* county, subject to the process of the courts of that county, which have jurisdiction, &c.  To this, a demurrer by the *Newcomes* was overruled, and that ruling is also questioned here.  If the answer had been sufficient to put in issue the question whether the plaintiff was the real party in interest, it would have been good on demurrer.  2 G. & H., § 3, p. 34.  But it is not sufficient for that purpose.  *Swift* v. *Ellsworth,* 10 Ind. 205; *Lamson* v. *Falls,* 6 *id.* 309.  The note, if the answer be true, must have been negotiated, otherwise no proceeds thereof would have been received by *John W.,* as is alleged.  *Prima facie,* the plaintiff's possession of it would indicate that it was negotiated to him, and the complaint indeed alleges that he became the holder thereof before maturity.  These facts not being denied, and no others averred by which it would appear that the note had afterwards become the property of *John W.,* the pleading cannot, in view of the cases cited, be deemed sufficient.

In the further discussion of this pleading, it must be considered, then, as a counterclaim.  But it asserts substantially nothing against the plaintiff; nothing even of which he had notice.  Its sufficient averments may all be conceded and still the plaintiff would be entitled to his judgment against the *Newcomes,* and would have no right to a judgment against *John W. Burson.*  The latter might be liable over to the *Newcomes,* but why should the present suit be complicated, embarrassed or delayed by the trial

288    SUPREME COURT OF INDIANA.

of the question between the *Newcomes* and *John W.?* It was not necessary to the granting of full relief and the doing of complete justice between the plaintiff and the *Newcomes.* *Frear* v. *Bryan,* 12 Ind. 343. The rights of the latter must, we think, be asserted against *John W.* by a separate suit against him, and it is plain that that must be instituted in the county of his residence. 2 G. & H., § 33, p. 58.

The judgment is affirmed, with costs.

