## COUCH ET AL. *v.* THE FIRST NATIONAL BANK OF THORNTOWN, INDIANA.

PROMISSORY NOTE.—*Complaint against Endorser.—Insolvency of Maker.— Demand.—Time.—Misjoinder of Parties.—Dismissal as to Maker.—Evidence*—In an action by an assignee, against the maker and endorser, on a promissory note not payable in bank, commenced on the second day after its maturity, the complaint alleged that the maker then was, and long prior thereto had been, wholly and notoriously insolvent.

*Held*, on demurrer by the endorser, that the complaint is sufficient, that no demand upon him was necessary, and that the action was brought in time.

*Held*, also, that the maker and endorser can not be joined in the same action. unless the endorser be liable without suit having been first brought against the maker.

*Held*, also, that the dismissal of the action against the maker was proper.

*Held*, also, the endorser having pleaded the general denial, that such dismissal did not relieve the plaintiff of establishing the insolvency of the maker.

From the Boone Circuit Court.

*O. S. Hamilton* and *F. M. Charlton*, for appellants.

W.ORDEN, J.—This was an action by the appellee, against the appellants.

James Davis was originally made a defendant, but during the progress of the cause the suit was dismissed by the plaintiff, as against him.

The action was brought upon two promissory notes, each executed on November 11th, 1874, for the sum of seven hundred and fifty dollars, and payable December 25th, 1876.

James Davis was the maker of each of the notes. One was payable to the order of A. J. Davis, one of the appellants, and was by him and the other appellant, Couch, endorsed in blank to the plaintiff.

The other was payable to the order of Couch, and was by him and A. J. Davis endorsed in blank to the plaintiff. It thus appears that the appellants were joint endorsers of each of the notes.

The action appears to have been brought immediately upon the maturity of the notes.

It is alleged in each paragraph of the complaint, based upon each of the notes, that the maker, James Davis, then was, and for a long time theretofore had been, wholly and notoriously insolvent.

The appellants herein filed a demurrer to the complaint, for want of sufficient facts, but it was overruled, and exception was taken. They then answered by general denial.

At this point the action was dismissed, as to the maker of the notes.

The cause was submitted to the court for trial, and there was a finding and judgment for the plaintiff, against the appellants.

The appellants have assigned several supposed errors, but there is no question properly preserved and presented by the record, except that arising upon the overruling of the demurrer to the complaint.

The complaint seems to us to have been in all respects good. The notes were not governed by the law merchant, not being payable at a bank in this State, and therefore no demand or notice of non-payment was necessary to fix the liability of the appellants as endorsers.

The endorsee of such notes, however, is required to use due diligence to collect them of the maker, before he can proceed against the endorser, or to show a good reason for not doing so. Ordinarily, if the maker of the note has no defence to it, and lives in this State, and has property therein subject to execution, out of which the debt or some part of it could be made, the endorsee of such note is required with due diligence to sue the maker and take out his execution, and thereby make what he can out of the property of the maker, before he can sue the endorser. But the law does not require a useless thing.

Where the maker is wholly and notoriously insolvent, as is averred in this case, it would be useless for the holder to sue him; nor does the law require that he should, before suing the endorser.

There are many cases upon this point, but it will be sufficient to refer to one only, *Reynolds* v. *Jones*, 19 Ind. 123.

It may be observed, that the plaintiff was guilty of no laches in delaying suit against the maker. This action was commenced on the second day after the maturity of the notes. If at that time the maker was wholly and notoriously insolvent, the plaintiff had the right at once to sue the endorsers, without bringing any action against the maker.

The demurrer to the complaint was properly overruled.

But the appellants complain of the dismissal of the cause as against the maker of the notes. This, it may be observed, was done at the costs of the plaintiff. The appellants took no exception in this respect, but, as the point is perhaps novel, we have thought proper to consider it.

The counsel for the appellants say, that "The plaintiff, voluntarily and without the consent of parties, dismissed the action as to James Davis, the maker of the notes sued on, thus relieving them from the necessity of proving the

insolvency of said maker, as he was no longer a party to the suit."

If the dismissal of the case, as to the maker, worked such disastrous results to the endorsers, the right of the plaintiff to enter such dismissal ought to be carefully considered. But how, it may be asked, did the dismissal relieve the plaintiff from the necessity of proving the insolvency of the maker, in order to hold the endorsers liable? That proof had to be made, under the the issue joined, as against the endorsers, in order to hold them liable, whether the maker was or was not a party to the suit. The dismissal of the suit against the maker did not add to or diminish the proof necessary to be made in order to hold the endorsers.

The statute provides, that " The holder of any note or bill of exchange, negotiable by the law merchant, or by law of this State, may institute one suit against the whole or any number of the parties liable to such holder, but shall not, at the same term of court, institute more than one suit on such note or bill," etc. 1 R. S. 1876, p. 637, sec. 16.

The notes were negotiable by the law of this State. The appellants were jointly liable to the plaintiff as one of the parties to the notes, being endorsers thereof, because of the insolvency of the maker. The maker was liable in his capacity as maker. The case, therefore, was one in which the action might be brought against the maker as one party, and the endorsers as another party, liable to the holder on the note. It would seem that makers and endorsers could not be joined in an action, except in cases where the endorsers are liable without a suit having been first brought against the makers. See *Mix* v. *The State Bank*, 13 Ind. 521.

The plaintiff might have sued the endorsers without joining the maker, and, having joined him, it had a right to dismiss as to him at its option.

The evidence is not in the record, and no further question arises in the cause.

The judgment below is affirmed, with costs.