HAYNE *v.* FISHER.

PROMISSORY NOTE.—*Endorsement of, to obtain Release of Mortgage.—Insolvency of Maker.—Complaint.*—In an action on a promissory note not payable in bank, brought by the payee against an endorser as such, the complaint alleged that such note had been given for the unpaid balance of the purchase-money of certain real estate, and had been secured thereon by a mortgage ; that the maker, to secure the release of the mortgage, had procured this defendant to endorse the note, and the plaintiff had thereupon released the mortgage ; and that the makers, at the maturity of the note, had become, and ever since had remained, wholly insolvent.

*Held,* on demurrer, that the complaint was sufficient.

SAME.—*Answer in Abatement.—Bankruptcy of Maker.—Failure to use Diligence.*—The defendant in such action answered, in abatement, that the note in suit was duly secured by a mortgage on real estate sufficient to satisfy the same ; that the makers had been adjudged voluntary bankrupts; and that, though such estates remained unsettled and would pay at least a part of the note, no steps had been taken to file the same in the bankrupt court.

*Held,* on demurrer, that the answer was sufficient.

From the Hamilton Circuit Court.

*D. Moss,* for appellant.

*J. W. Evans* and *R. R. Stephenson,* for appellee.

WORDEN, J.—Complaint by the appellee, against the appellant, in two paragraphs. The first paragraph was dismissed, and no question arises upon it here. The second was as follows :

"For a second and further cause of action, the plaintiff says, that on the —— day of July, 1876, the plaintiff was the holder of a promissory note on James W. Flanagan, dated January 1st, 1875, calling for fifteen hundred dollars and ten per cent. interest after maturity, and reasonable attorney's fees if suit be instituted thereon, which note was payable twenty-four months after date, and was given for the last instalment of purchase-money on a tract of land, and was secured by a mortgage thereon, which mortgage was duly recorded in the mortgage records of said county; that said James W. Flanagan, in order to procure the release of said mortgage on said real estate, agreed to give the plaintiff personal security on said note, to which the plaintiff assented, and, in pursuance of said agreement, said James W. Flanagan, on the —— day of July, 1876, took said note from the plaintiff and obtained the signatures of W. G. Flanagan and R. H. Flanagan, as co-makers with him on said note, and obtained the endorsement of the defendant, she signing and indorsing her name on the back thereof, in the name and style of S. E. Hayne; that, after said signatures were so obtained on said note as additional personal security as aforesaid, said James W. Flanagan delivered the same to the plaintiff, and thereupon, in consideration of said additional names and personal security so obtained, the plaintiff released and satisfied of record his said mortgage on said real estate, and has continued to hold said note ever since as evidence of said mortgage indebtedness. And the plaintiff avers that soon after the signing and endorsing of said note by the defendant and by the makers, W. G. and R. H. Flanagan, both the latter and their co-maker, James W. Flanagan, became, and have remained ever since, and are now, openly and notoriously insolvent, and at no time since the maturity of said note would a suit [against?] either of them have availed the

plaintiff any thing, as they have had no property subject to execution, out of which the plaintiff's claim ought to have been made."

A copy of the note described is set out and made part of the paragraph, signed by the three Flanagans, and endorsed by the defendant. The note is not governed by the law merchant.

The defendant filed a demurrer to the paragraph for want of sufficient facts, but it was overruled and exception taken. The defendant filed an answer of four paragraphs, but the first three were afterward withdrawn. The fourth was as follows :

"And the defendant, for a further and fourth answer to the second paragraph of said complaint, says, that she endorsed said note long after the execution of the same by the makers thereof, and long after the delivery of the same to the plaintiff, without any consideration whatever; that, at the time she so endorsed said note, the makers thereof were the owners of unincumbered property in said county, subject to execution, of the value of more than ten thousand dollars; that James W. Flanagan, one of the makers of said note, about the time she endorsed the same as aforesaid, executed to the plaintiff a mortgage on the following described real estate, situate in said county, to wit :" (description) "containing eighty acres more or less, and of the value of $4,500, to secure the payment of said note, and which said mortgage the plaintiff then accepted for the purpose aforesaid, and caused the same to be duly recorded in the recorder's office of said county ; that long after she had so endorsed said note and the plaintiff had accepted said mortgage for the purpose aforesaid, to wit, in the month of August, 1876, the said makers of said note, upon their own application, were adjudged bankrupts as alleged in said complaint, by the District Court of the United States for the district of Indiana, and transferred

all their said property aforesaid to their respective assignees in bankruptcy, for the benefit of their respective creditors. Wherefore the defendant says that the plaintiff should not have or maintain said action against her as such endorser on said note, until he shall, by the use of diligence, have exhausted said mortgage given to secure the payment of said note as aforesaid, and his *pro rata* share in bankruptcy of the proceeds of the property so assigned by said makers of said note for the benefit of their said creditors. And the defendant asks to be hence dismissed with her costs." The paragraph was duly verified.

The plaintiff demurred to this paragraph of answer, for want of sufficient facts, and the demurrer was sustained. Exceptions. No further answer being filed, judgment was entered for the plaintiff.

The counsel for the appellant makes some objection to the complaint, but the objection is based on a misapprehension of the averments thereof.

It is said that the complaint "fails to show that a sufficient amount of property was not transferred by the makers of the note to their respective assignees in bankruptcy, to pay the note or the principal part of it."

The paragraph of the complaint, it will be seen, does not allege that the makers of the note have become bankrupt. The plaintiff's right to recover against the defendant is put upon the ground of the insolvency, and not the bankruptcy, of the makers of the note.

We proceed, therefore, to the consideration of the answer. We have no brief for the appellee, and are not advised of the ground on which it was supposed, in the court below, to be bad.

It will be observed that the plaintiff declared against the defendant as an endorser, and not as a maker, of the note. She must, therefore, be regarded as having all the rights of an endorser of the note. And, as the note was

not governed by the law merchant, the payee could not sue the defendant, as such endorser, without having used due diligence to collect the note of the makers, or showing that such diligence would have been unavailing. *Couch* v. *The First National Bank of Thorntown,* 64 Ind. 92.

The complaint made a case which, *prima facie,* entitled the plaintiff to recover; but the answer fully met the *prima facie* case thus made.

We are of opinion that the defendant can not be held liable upon her endorsement until the plaintiff has pursued, in a proper manner, the estates of the bankrupt makers of the note, and made what he can from those estates. This he would be required to do if the makers were dead. *Dole* v. *Watson,* 2 Ind. 177; *Bernitz* v. *Stratford,* 22 Ind. 320; *Litterer* v. *Page,* 22 Ind. 337.

We can see no difference in principle in the two classes of cases. It is true, that a dead man's estate may be sufficient for the payment of all his debts, while it is hardly to be supposed that a bankrupt's estate will be sufficient for that purpose. But it is true that a bankrupt's estate may pay a portion, and a considerable portion, of his debts. The answer, therefore, was sufficient to show that the action was prematurely brought, before the plaintiff had proceeded to file his claim against the estates of the bankrupt makers of the note, for the purpose of obtaining such dividends as those estates might be sufficient to pay.

The claim not having been filed against the estates of the bankrupt makers, the assets would all be applied to the payment of other debts, to the detriment of the appellant, as the endorser of the note; whereas the assets should be applied ratably to the payment of the plaintiff's claim in common with other debts of the bankrupts, which would relieve the appellant *pro tanto* as endorser.

On the subject of the abatement of actions prema-

turely brought, see the cases of *The Walter A. Wood Mowing, etc., Co.* v. *Caldwell,* 54 Ind. 270 ; *Daly* v. *The Nat'l Life Ins. Co.,* 64 Ind. 1 ; *The Singer Manuf'g Co.* v. *Brown,* 64 Ind. 548.

This view renders it unnecessary that we should consider the effect of the mortgage executed by James W. Flanagan to the plaintiff, to secure the payment of the note in question.

That mortgage, as will be seen by the pleadings, was executed only about a month before the proceedings in bankruptcy were commenced. It may be observed, however, that, if that mortgage is a valid security in the hands of the plaintiff, for the payment of the note, it ought to be exhausted before suing the endorser.

We are of opinion that the demurrer to the paragraph of answer ought to have been overruled.

The judgment below is reversed, with costs, and the cause remanded, for further proceedings, in accordance with this opinion.