No. 7594.

## SOMERBY ET AL. *v.* BROWN ET AL.

PLEADING.—*Promissory Note.*—*Bankruptcy of Makers.*—*Endorsers.*—In an action by the assignee of a promissory note, not payable in bank, against the endorsers, the complaint alleged that, before its maturity, the makers were adjudged bankrupts, in the proper court, and that the matter of their bankruptcy was still pending.

VOL. 73.—23

*Held*, on demurrer, that such complaint, for want of an averment that there are no assets in the hands of the assignee out of which any part of the note can be paid, is insufficient.

SAME.—*Insolvency of Makers.*—Where a paragraph of the complaint sufficiently avers the insolvency of the makers of said note, at and subsequent to its maturity, but avers nothing as to their bankruptcy, it is necessary to prove, not only that the makers were adjudged bankrupts, but also that no assets came into the hands of the assignee in bankruptcy, sufficient to pay any part of such note.

From the Wayne Circuit Court.

*B. F. Harris*, for appellants.

*C. E. Shively*, for appellees.

NEWCOMB, C.—The appellees sued the appellants, Somerby, Jackson and Havens, as endorsers of a promissory note, not payable in bank, executed by Hogshire & Reisner, as makers. The appellees recovered in the circuit court. Two errors are assigned in this court:

1. That the circuit court erred in overruling the demurrer of appellants to the first paragraph of the complaint;

2. That the court erred in overruling the motion of appellees for a new trial.

The first paragraph sets up the execution of the note and its endorsement to the plaintiffs below by the defendants, and then avers that before its maturity the makers of the note were adjudicated bankrupts by the District Court of the United States for the District of Indiana, and that the matter of their bankruptcy was still pending in said district court.

This was all that was charged touching the insolvency of the makers of the note. It was not averred that no property passed from them to their assignee in bankruptcy, nor that no part of the note could be paid from the estate of the bankrupts.

We think the circuit court erred in overruling the demurrer to this paragraph of the complaint. In *Hayne* v. *Fisher*, 68 Ind. 158, WORDEN, J., in pronouncing the opinion of this court in a somewhat similar case, said: "We are of

opinion that the defendant can not be held liable upon her endorsement until the plaintiff has pursued, in a proper manner, the estates of the bankrupt makers of the note, and made what he can from those estates. This he would be required to do if the makers were dead. *Dole* v. *Watson*, 2 Ind. 177 ; *Bernitz* v. *Stratford*, 22 Ind. 320 ; *Litterer* v. *Page*, 22 Ind. 337. We can see no difference in principle in the two classes of cases. It is true that a dead man's estate may be sufficient for the payment of all his debts, while it is hardly to be supposed that a bankrupt's estate will be sufficient for that purpose. But it is true that a bankrupt's estate may pay a portion, and a considerable portion, of his debts. The answer, therefore, was sufficient to show that the action was prematurely brought, before the plaintiff had proceeded to file his claim against the estates of the bankrupt makers of the note, for the purpose of obtaining such dividends as those estates might be sufficient to pay.''

It is incumbent on a plaintiff, suing as the assignee of a non-negotiable note, to allege in his complaint that he has pursued the maker to insolvency, or that a suit against the latter would have been fruitless, because he had no property subject to execution. *Roberts* v. *Masters*, 40 Ind. 461. And in cases where the property rights of the maker have passed to an administrator or assignee in bankruptcy, and the complaint so alleges, it is obvious from the foregoing authorities that, to make a good complaint, there must be the further averment that there are no assets in the hands of such administrator or assignee, out of which any part of the note can be paid. It follows that the first paragraph of the complaint was insufficient.

The second paragraph said nothing of the bankruptcy of the makers of the note, but sufficiently averred their insolvency at and subsequent to its maturity. Trial was had by the court on a general denial of the complaint. On the trial the plaintiff proved the matters alleged in the first para-

graph, and nothing more. Further than introducing record evidence of the adjudication in bankruptcy, the plaintiffs made no attempt to prove the averment of a want of property of the makers of the note sufficient to pay any part of it. If it was necessary to aver in the first paragraph that no assets applicable to the payment of the note, in whole or in part, passed to the assignee under the adjudication in bankruptcy, it was equally necessary, in support of the averments of the second paragraph, to prove that there were no such assets, after giving proof of the adjudication in bankruptcy. As early as the case of *Hardesty* v. *Kinworthy*, 8 Blackf. 304, the doctrine was laid down that all the property of the maker must be exhausted before recourse can be had to the assignor of a promissory note. It was said in that case, that "The term 'open and notorious insolvency,' * * implies, not the want of sufficient property to pay all of one's debts, but the absence of all property, within reach of the law, applicable to the payment of any debt." Property in possession of an assignee in bankruptcy is not only within reach of the law, but is in the actual custody of the law. The rule announced in *Hardesty* v. *Kinworthy* has been recognized and followed in *Herald* v. *Scott*, 2 Ind. 55 ; *Sering* v. *Findlay*, 7 Ind. 247 ; *Dugdale* v. *Marine*, 11 Ind. 194 ; *Roberts* v. *Masters*, 40 Ind. 461 ; and *Hayne* v. *Fisher*, 68 Ind. 158.

For error in overruling the demurrer to the first paragraph of the complaint, and in overruling the motion for a new trial, the judgment below must be set aside.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and is hereby, in all things reversed, at the costs of the appellees, and that the cause be remanded to the Wayne Circuit Court for further proceedings in accordance with the above opinion.