## MITCHELL v. ST. MARY ET AL.

[No. 18,242.    Filed May 25, 1897.]

APPEAL AND ERROR.—*When Rulings on Demurrers May be Disregarded.*—Questions on demurrers to pleadings may properly·be disregarded on appeal, where every phase thereof is presented on special findings and conclusions of law.   *p. 113.*

BILLS AND NOTES.—*Waiver of Defenses on the Ground of Extension of Time of Payment.*—A stipulation in a note payable in bank, that "the drawers and endorsers waive all defenses on the ground of any extension of time of payment," does not take away its negotiability under sections 7515, Burns' R. S. 1894, but does take away its character as commercial paper, under section 7520, Burns' R. S. 1894.   *p. 113.*

SAME.—*Endorsement.—Complaint.—Statutes Construed.*—Where the character of a note as commercial paper, within the meaning of · section 7520, Burns' R. S. 1894, has been taken away by a stipulation that the drawers and endorsers waive all defenses on the ground of any extension of time of payment, a complaint thereon is insufficient as to an endorser in blank, where there is no allegation of the use of due diligence as is required by section 7518, Burns' R. S. 1894.   *pp. 113–115.*

SAME.— *Custody of Note Endorsed in Blank.*— The rule that the custody of a note endorsed in blank is *prima facie* evidence of ownership does not apply to a note which does not possess the qualities of commercial paper.   *p. 115.*

PLEADING.—*Action for Corporation Cannot be Maintained in Name of Officer who is a Mere Agent.*—The treasurer of a corporation, to whom a note has been transferred as a mere custodian of the corporation, is not a trustee of an express trust, within the meaning of section 252, Burns' R. S. 1894, and, therefore, cannot maintain an action on the note in his own name.   *pp. 113–115.*

From the Noble Circuit Court.   *Affirmed.*

*H. G. Zimmerman* and *P. D. Keager*, for appellant.

*R. P. Barr*, for appellees.

HACKNEY, J.—This was a suit by the appellant, John Mitchell, upon four promissory notes, and to fore-

close a mortgage of certain real estate securing said notes. The notes were executed by Peter St. Mary to Curran F. Cain, were payable in a bank, and contained a stipulation that "the drawers and endorsers severally waive presentment for payment, protest," etc., and "all defenses on the ground of any extension of. time of payment that may be given by the holder or holders to them or either of them." The complaint alleged the endorsement in blank by Cain of the notes, the assignment of the mortgage, and the transfer thereby to the appellant. Judgment was sought against Cain, as endorser, it is claimed. The trial court sustained Cain's demurrer to the complaint, and the appellee, St. Mary, in several paragraphs of answer, in various forms, pleaded that the appellant was not the real party in interest; that he purchased the notes and mortgage with the money of, and acting for and on behalf of the Lake View Cemetery Association, and that he held the same as the officer of said association, and was attempting to enforce the same in his own name, and without authority from said association. The court overruled demurrers to said answers. The appellant thereupon replied to said answers in affirmative paragraphs. One, alleging that he was the agent of said association in purchasing the notes and mortgage, and employed therein the funds of said association; that he took the assignments to himself as such agent, and holds the same as such and for the benefit of the association as the trustee of an express trust. Another paragraph alleged that he was treasurer for the association, and as such it was his duty to collect and account for the said fund to said association; and another paragraph alleged that he was one of the directors of the association; that he was chosen as such to act as agent for the association to purchase the notes and mortgage, and to take the assignment

of the notes and mortgage, and to take the assignment thereof in his own name for the purpose of facilitating the collection thereof, and that he seeks to collect the same as trustee of an express trust in favor of the association. To these replies demurrers were sustained.

A trial resulted in special findings and conclusions of law in favor of the apellees to which appellant excepted. These several rulings are here urged for the reversal of the judgment of the lower court. Every phase of the questions arising upon the rulings upon demurrers to the answers and to the replies is presented upon the special finding and conclusions of law, and said rulings may, therefore, be properly disregarded. *Smith, Trustee,* v. *Wells Mfg. Co., post,* 333, and cases there cited.

That the notes in suit were negotiable under section 7515, Burns' R. S. 1894, so as to vest title therein, is not questionable, but that they were commercial paper, "as inland bills of exchange," under section 7520, Burns' R. S. 1894, is not only doubtful, but the reverse has been decided, owing to the stipulation permitting an extension of the time of payment. *Glidden* v. *Henry,* 104 Ind. 278; *Brown* v. *First Nat'l Bank,* 115 Ind. 572; *Oyler* v. *McMurray,* 7 Ind. App. 645; *Merchants', etc., Bank* v. *Fraze,* 9 Ind. App. 161.

The complaint, as to Cain, not having alleged the use of due diligence as required by section 7518 Burns' R. S. 1894, was not, in view of the character of the paper, sufficient. *Smythe* v. *Scott,* 106 Ind. 245; *Somerby* v. *Brown,* 73 Ind. 353; *Hayne* v. *Fisher,* 68 Ind. 158; *Couch* v. *First Nat'l Bank,* 64 Ind. 92.

The facts specially found were, that Lake View Cemetery Association was, at the time of the transactions under investigation, a corporation of which appellant was treasurer and had custody of its moneys with the

duty of lending the same; that in June, 1894, Cain endorsed the notes described, in blank, and gave one Campbell authority to dispose of them; that Campbell sold them to said association, said Mitchell paying its money therefor, and said notes with said endorsement were delivered to Mitchell as such treasurer, and as the property of said association and not otherwise; that on said date Cain assigned said mortgage to Mitchell, but that Mitchell received the same and the notes as the property of the association; that Mitchell never claimed any title to or interest in said notes and mortgage or the proceeds thereof, but the same were by him entered upon the books of the association to its exclusive credit, and it was, and still is the owner thereof. It is found also that Mitchell had never held said notes, excepting as treasurer, and the mere custodian for the association; that he was never authorized to sue upon said notes in his own name, but prosecutes the suit without the knowledge or direction of the association, and without any right so to do.

The conclusion of law was that Mitchell had no right to maintain the suit. It is apparent that the court went fully into the question of the right or authority of the appellant to prosecute the suit in his own name, and that there was a finding upon every fact pleaded in the affirmative replies. Section 251, Burns' R. S. 1894, provides that "Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in the next section." The exception there said to be applicable is that "a trustee of an express trust, * * * may sue, without joining with him the person for whose benefit the action is prosecuted. A trustee of an express trust, within the meaning of this section, shall be construed to include a person with whom, or in whose name, a contract is made for the benefit of another."

Appellant's learned counsel first insist that section 251, *supra,* does not apply to the holder or alleged endorser of commercial paper, since, it is claimed, the custody of paper endorsed in blank is *prima facie* evidence of ownership, and payment by, or recovery against the maker will be protected against another claiming to own the paper; that this was the rule when the code was adopted, and will be accepted as still the rule. Since, as we have seen, the paper here in question does not possess the qualities of commercial paper, the rule insisted upon would not obtain if in force, notwithstanding the code. See *Swift* v. *Ellsworth,* 10 Ind. 205; *Deuel* v. *Newlin,* 131 Ind. 40; *Bostwick* v. *Bryant,* 113 Ind. 448.

The facts specially found, instead of disclosing that the appellant was the trustee of an express trust, discloses that he was a mere agent for the custody of the paper, not named in the paper as trustee, and acting in the suit with neither authority nor consent of the association, and that his own name was connected with the transaction without an intention to make him a trustee. Cases in point are *Swift* v. *Ellsworth, supra; Rawlings* v. *Fuller,* 31 Ind. 255.

The cases of *Heavenridge* v. *Mondy,* 34 Ind. 28; *Wolcott* v. *Standley,* 62 Ind. 198; *Holmes* v. *Boyd,* 90 Ind. 332; *Rinker* v. *Bissell,* 90 Ind. 375; *Landwerlen* v. *Wheeler,* 106 Ind. 523, and the class to which they belong have no force in this case since they disclose contracts from which a trust relation affirmatively appears, or where the suit is to enforce the demand as one of a trust character. There must be something in the nature of the contract, appearing upon its face or from allegations in the pleadings, disclosing that a trust relation exists and is sought to be enforced for the benefit of the *cestui que trust.* It is not enough that an agent who exceeds his authority in suing in his own

name upon a demand due his principal is an agent and may intend to account for the recovery. He cannot bind his principal without authority expressed or implied, and it is only when the principal may be deemed to be in court and bound by the proceeding that section 252, *supra*, is intended to apply.

There was no error in the action of the trial court, and the judgment is affirmed.