### SMITH and Another *v.* STEVENS.

In a suit by the payee against the makers of a note, the latter will not be allowed to show, by parol evidence, that a guaranty indorsed upon the note was, at the time it was made, accepted by the payee in full satisfaction of the note.

An oral agreement, even for a valuable consideration, to answer for the debt of another, is void by the statute of frauds.

ERROR to the *Jennings* Circuit Court.

SMITH, J.—Debt upon two sealed notes made by *Smith, Belding,* and one *Edwards,* as trustees for the *Mount Sidney* steam-mill company, in favor of *Stevens,* the plaintiff below. One of the notes was for 700 dollars and one was for 300 dollars; and both were payable on or before the 25th of *December,* 1840.

It appeared that there was on the notes the following indorsement:

" We, or either of us, guarantee and bind ourselves for the final payment of the within notes" (both of the notes being on one piece of paper), " to *Thomas Stevens,* with ten *per cent.* interest *per annum* from date till paid.    *F. C. Humble, Linzy Trowbridge, E. G. Trueblood,* [seal]."

*Edwards* pleaded bankruptcy and was discharged.

*Smith* and *Belding,* the other defendants, offered to prove that at the time this indorsement was made, *Hum-*

*ble*, *Trowbridge*, and *Trueblood* were indebted to the de-    May Term,
fendants and divers other persons constituting the said    1852.
steam-mill company, which was unincorporated, and had    SMITH
delivered their obligation to the defendants, as trustees    v.
of said company, for the payment of 1,200 dollars; that,    STEVENS.
at the time of said indorsement, the plaintiff proposed to
the defendants, who were authorized to act for the said
company, that if they, the defendants, would procure *H.*,
*T.*, and *T.* to undertake to pay the plaintiff the amount
of said notes, in consideration of the said company giving
up to *H.*, *T.*, and *T.* their said obligation for 1,200 dollars,
he, the plaintiff, would accept said undertaking of *H.*, *T.*,
and *T.*, in full satisfaction and discharge of said indebt-
edness of the defendants on the notes sued upon; and
that the defendants did, accordingly, give up to *H.*, *T.*,
and *T.* their obligation for 1,200 dollars, and the said *H.*,
*T.*, and *T.*, thereupon, made said indorsement on said
notes, and the plaintiff, pursuant to said agreement, ac-
cepted said indorsement and undertaking of *H.*, *T.*, and
*T.*, in full satisfaction of the said notes of the defendants.

The Court refused to permit parol evidence of these
facts to be given, and there being no other defense set up,
the plaintiff had judgment.

We think the evidence thus offered was correctly ex-
cluded. The objection to it is, that it is contradictory to
the written agreement of the parties as evidenced by the
notes and the indorsement. It was decided by this Court
in the case of *Wilson* v. *Black*, 6 Blackf. 509, that the le-
gal effect of a written contract consisting both of a note
and the indorsement, cannot be varied or qualified by a
parol agreement simultaneous with the indorsement, and
the same principle has been recognized in several other
cases. See *Harvey* v. *Laflin*, 2 Carter's Ind. R. 477. Here
the legal effect of the indorsement was not to discharge
the defendants, but to render *Humble*, *Trowbridge*, and
*Trueblood* liable as guarantors in case the notes were not
paid by the principals.

It is clear that such evidence could not be available in-
dependently of the indorsement, because a verbal agree-

May Term, 1852.

ment, such as was offered to be proved, would have been void under the statute of frauds.

*Per Curiam.*—The judgment is affirmed, with 3 *per cent.* damages and costs.

*J. R. Troxell*, for the plaintiffs.

*J. G. Marshall*, for the defendant.