BERNITZ v. STRATFORD.

CONTRACTS—NOTES—DUE DILIGENCE.—If the maker of a note be not liable to pay it, or if, from his want of means, no part of it could be collected of him by suit, no positive acts of diligence need be performed by the holder.

SAME.—If the maker die a resident of the State in which he lived when the assignment was made, leaving property out of which the note or some part thereof might be collected, his estate, if the maker was liable when living, must be proceeded against before suing the assignor.

Bernitz *v.* Stratford.

SAME.—If the maker be alive, in the State where he resided when the assignment was made, and be liable on the note, and have any property subject to execution on a judgment against him, he must be sued before the holder can sue the assignor, but if the maker become a non-resident after the assignment, the holder need not follow and sue him out of the State; nor, if he leave property in the State, is the holder required to proceed against it by attachment.

APPEAL from the *Tipton* Circuit Court.

PERKINS, J.—*John McCoy* made his note to *Frederick Bernitz,* and the latter assigned the note to *Isaac W. Stratford* before it fell due. *Stratford* did not sue *McCoy,* the maker, to recover the amount of the note from him, but sued *Bernitz* on his assignment, alleging, as an excuse for failing to sue *McCoy,* the maker, that he had left the State.

*Bernitz* answered in bar of the action against him, in addition to the general denial, that *McCoy* left property in the State sufficient to pay the note, which property could be reached by attachment. Issue of fact by denial.

On the trial the note, amounting, with interest on it, to a fraction less than 50 dollars, was given in evidence, as was also the assignment upon it; "and it was admitted by the parties that the note was assigned in blank before due; that the maker, at the time the note became due, had become a non-resident of the State, and has ever since remained such, but that, at the time the note became due, and for five months afterwards, the maker had property in the State, at the place where he resided at the time of the assignment, out of which a part of the amount of the note could have been made by a suit in attachment.

On this evidence the Court gave judgment for the plaintiff for the full amount due on the note.

If the second paragraph of the answer was good, the judgment of the Court on the evidence would seem to be erro-

neous; but we think the second paragraph of the answer was bad, and the final judgment right upon the whole record. The plaintiff below, in this case, had taken a note, not governed by the law-merchant, by assignment before due, and the questions are, had he used due diligence to collect it from the maker before suing the assignor? Or did facts exist excusing diligence? What constitutes due diligence under all states of fact in this class of cases, has not been defined and settled. In most States, where the common law prevails with statutory modifications, demand and notice constitute due diligence. This is a rule capable of certainty. In this State, and some others, due diligence, upon a class of paper, not, in these States, governed by the law-merchant, consists of acts done, varying somewhat with the circumstances of cases; and those circumstances may be such as to exempt the holder from any positive acts of diligence against the maker before resorting to the liability of the assignor.

If the maker be not liable to pay the note; or if, from his want of means, no part of the note can be collected from him by suit, no positive acts of diligence need be performed.

If the maker die a resident of the State in which he lived when the assignment was made, leaving property out of which the note, or some part thereof, might be collected, his estate, the maker having been liable on the note while living, must be proceeded against before suing the assignor; *Dale* v. *Watson*, 2 Ind. 177, and *Litterer* v. *Page*, at this term; and if he be alive in the State where he resided when the assignment was made, and be liable on the note, and have any property subject to execution on a judgment against him, he must be sued before the holder can return upon the assignor; but if the maker becomes a non-resident after assignment, due diligence does not require that the holder should pursue the maker out of the State.

. Another state of facts might exist. Suit might be brought

Barnitz *v.* Stratford.

against the maker; property enough be levied on to pay the debt, and be wasted by the sheriff; might the holder then go back upon the assignor, or would he have to pursue the sheriff on his bond? We make no answer to this question. See *The State* v. *Druly,* 3 Ind. 431, and case cited; *Cheek* v. *Morton,* 2 Ind. 321. In the case at bar, the maker had become a non-resident after the assignment, and this fact excused a suit against him personally; but he left property in the State that might have been reached by attachment; was the holder bound to resort to that proceeding before suing the assignor?

Our conclusion is that he was not. That can not be regarded as one of the ordinary proceedings at law. It can not be resorted to without giving a bond to pay damages, &c., and is thus attended with liabilities which might involve the party in loss which he could not hold the assignor responsible over to him for, in case the attachment should turn out to be wrongful. We do not think the holder is, as a matter of course, to incur this hazard. Whether a state of facts might exist that would make it the duty of the holder, in a given case, to take out an attachment, we do not decide.

Nor do we now approve or disapprove of the case of *Cheek* v. *Morton, supra,* but suggest the inquiry whether the union, in our present practice, of equitable with legal remedies may not work a modification of the rule as to pursuing some equitable interests before resorting to the assignor.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*Moss & Lewis,* for the appellant.

*George W. Lowley* and *N. R. Linsday,* for the appellee.