## Holton *v.* McCormick et al.

PROMISSORY NOTE.—*Action Against Assignor.—Non-Residence of Maker.— Diligence.*—Where the maker of a promissory note, after the assignment thereof and before the right of action thereon matures, becomes a non-resident of the State, the holder may proceed against the assignor.

SAME.—*Pleading.*—In an action by the assignee against the assignor of a promissory note, an allegation in the complaint that the maker of the note, since the indorsement by the defendant and before the note became due, left the State of Indiana, is not equivalent to an averment that the maker became a non-resident of the State.

SAME.—*Undertaking of Assignor.—Parol Evidence.*—The assignor of a promissory note, where the indorsement is either in full or in blank, undertakes to

pay the note, if, after due diligence, it cannot be collected from the maker; and this liability cannot be varied or qualified by a parol agreement simultaneous with the indorsement.

From the Lake Common Pleas.

*J. Barnard* and *M. C. Barnard*, for appellant.

BUSKIRK, J.—This was an action by the appellees, as assignees, against the appellant, as payee and assignor of a promissory note executed by Lawrence Metz.

The cause originated before a justice of the peace, where judgment was rendered for the appellees. The appellant appealed to the common pleas, where judgment was again rendered for the appellees. The court overruled a motion for a new trial and rendered a judgment on the finding. The appellant moved in arrest of judgment, upon the ground that the complaint did not contain facts sufficient to constitute a cause of action against the appellant, but the motion was overruled, and an exception taken. The evidence is not in the record.

The appellant has assigned for error the overruling of the motion in arrest of judgment, and the sustaining of the demurrer to the first paragraph of the answer.

The first question presented is, whether the court erred in overruling the motion in arrest of judgment.

The objection urged to the complaint is, that it does not show any valid excuse for failing to use due diligence to collect the note from the maker. It is conceded that no action was brought against the maker. Nor is it pretended that he is insolvent. The excuse offered for failing to sue the maker is as follows :

"That said note is due and unpaid, and that the maker thereof, Lawrence Metz, has, since the indorsement thereof by the defendant and before the said note became due, left the State of Indiana."

It was held by this court in *Bernitz* v. *Stratford*, 22 Ind. 320, that where the maker, after the assignment and before the bringing of the action, becomes a non-resident of the

Holton *v.* McCormick *et al.*

State, due diligence does not require of the holder that he should pursue the maker out of the State; and it was further held that if the maker becomes a non-resident of the State, but leaves property in the State which might be reached by attachment, due diligence did not require a resort to such proceedings in attachment.

Counsel for appellant concede this to be the settled rule in this State, but earnestly contend that the averment in the complaint, that the maker had left the State, was not equivalent to an allegation that he had become a non-resident of the State. It is argued that it is not shown that he had moved from the State, or that he remained away and was absent when the action was commenced; that it might be inferred from the averment that he had only left the State one day and returned the next, or that he had left the State temporarily on business. The position contended for is, that it should appear that the maker had become a non-resident of the State, and not subject to the jurisdiction of the courts of the State. We think the true rule is, that so long as the maker continues subject to the jurisdiction and process of the courts of this State, the assignee must exhaust the legal remedies against him, before he can sue the assignor, unless he can show that by reason of the insolvency of the maker an action would be unavailing. When a person has removed from the State, with the honest purpose of residing elsewhere, and continues absent, he has become a non-resident and is not subject to the jurisdiction and process of the courts of this State, unless he returns to the State where the process might be served upon him, and it is unreasonable to require an assignee to pursue him into another state and sue him there. This would put him to unreasonable expense and inconvenience, as he would be required to give security for costs. A temporary absence on business or pleasure will not produce a change of residence. We do not think that the allegation that the maker had left the State was equivalent to an averment that he was a non-resident of the State at the time when the action was commenced. Less strictness is required in actions before

justices than in the circuit court, but this relates more to matters of form than of substance.

We think the court erred in overruling the motion in arrest of judgment. The sufficiency of the complaint was called in question by the demurrer to the answer, which should have been carried back and sustained to the complaint.

The first paragraph of the answer, to which a demurrer was sustained, was as follows:

"The defendant, for answer to complaint of plaintiffs, says, the note set out therein was executed to James G. Holton by Frank Tillotson's order; that there was no consideration whatever moving between said Metz and said Holton, but the note was so executed by the order of Frank Tillotson aforesaid; and the said defendant further says that he indorsed said note a long time after the agent of said plaintiffs had received said note; that said note was turned over to John H. Prior by said Tillotson, and after said note was so turned over to him, he requested said defendant to endorse it; that defendant did so only for the purpose of passing title to the same, and not to become responsible for its payment; wherefore defendant demands judgment."

It was held by this court in *Odam* v. *Beard*, 1 Blackf. 191, that an unqualified assignment in full of a note could not be controlled by parol evidence of an agreement that the assignment was without recourse, and reference was made to several English cases as supporting the ruling.

In *Wilson* v. *Black*, 6 Blackf. 509, the question arose whether the legal effect of a blank indorsement made by the payee of a promissory note could be controlled by parol evidence.

DEWEY, J., after referring to the above case and the cases therein cited, says:

"The only difference between those cases and this is, that in them the indorsements were in full, and here the indorsement was originally in blank. But this is a difference in form only. The liability of an indorser under both modes

·of transfer is precisely the same—to pay the note if, after ·due diligence, it cannot be collected of the maker. This liability is not expressed in terms in a full indorsement any more than it is in a blank one; it is an implication of ,law ·arising from each; it is the legal effect of a written contract ·consisting both of the note and the indorsement, and cannot, in our opinion, in either case, be varied or qualified by a ·parol agreement simultaneous with the indorsement."

The ruling in the above case has been steadily adhered to in the following cases: *Blair* v. *Williams*, 7 Blackf. 132; *Harvey* v. *Laflin*, 2 Ind. 477; *Smith* v. *Stevens*, 3 Ind. 332; *Beagles* v. *Sefton*, 7 Ind. 496; *Hiatt* v. *Simpson*, 8 Ind. 256; ·*Vore* v. *Hurst*, 13 Ind. 551; *Sill* v. *Leslie*, 16 Ind. 236; *Snyder* v. *Oatman*, 16 Ind. 265; *McGaughey* v. *Elliott*, 18 Ind. 121; *Drake* v. *Markle*, 21 Ind. 433; *Dale* v. *Moffitt*, 22 Ind. 113; *McClintic's Adm'r* v. *Cory*, 22 Ind. 170; *Oiler* v. *Gard*, 23 Ind. 212; *Campbell* v. *Robbins*, 29 Ind. 271; *The President and Trustees of Hartsville University* v. *Hamilton*, 34 Ind. 506; *Roberts* v. *Masters*, 40 Ind. 461.

Counsel for appellant recognize the existence of the rule in this State, as above stated, and seem to concede that it :is correct where the indorsement is in full, but contend that ·the rule when applied to a blank indorsement is against the weight of modern decisions, and reference is made to the following cases: *Ross* v. *Espy*, 66 Penn. St. 481; *Barclay* v. *Weaver*, 19 Pa. St. 396; *Lewis* v. *Brehme*, 33 Maryland, 412; ·*Sturtevant* v. *Randall*, 53 Maine, 149; *Susquehanna Bridge* ·*and Bank Co.* v. *Evans*, 4 Wash. C. C. 480.

An examination of the above cases discloses the fact that the actions were based upon notes governed by the law ·merchant, and where the indorsements were made before the notes were negotiated, and parol evidence was admitted to show whether the indorsers intended to assume the liability ·of makers or indorsers. Such is the well settled doctrine in this State. A very full collection of the cases illustrating this doctrine will be found in *Roberts* v. *Masters*, 40 Ind. 461. ·This principle has no application to the present case, where

the payee of a promissory note after its execution indorses it.   In such case, it is conclusively presumed that he intended to assume the liability of an indorser, and parol evidence is not admissible to show that he did not intend to assume such liability or to vary the legal effect of such indorsement; but where a party places his name on the back of a note, creating a liability in favor of the payee, the presumption is, that he intends to assume the liability of an indorser, and nothing more.   This presumption, however, may be controlled by parol evidence showing that he intended to assume the liability of a maker, in which case he will be regarded as a maker, according to the terms of the note.

But if the above cases were in conflict with the decisions in this State, we would not feel ourselves justified in overruling our decisions.   The rule has been too long established, and too firmly adhered to, to change it.

The judgment is reversed, with costs ; and the cause is remanded, with directions to the court below to sustain the demurrer filed to the answer to the complaint.