85  535
162  249

## J. F. FINLEY

*v.*

## HUGH P. GREEN.

1. INDORSER — *character of liability.* Where the payee of a promissory note indorses his name thereon, his liability will be that of indorser, and not an absolute liability as a maker, and proof that, at the time of indorsing, he said he would make the note good, does not change his liability.

2. Where the amount of a promissory note could have been made of the maker, at its maturity, by proper legal measures being taken, the indorser will not be liable to the holder.

WRIT OF ERROR to the Circuit Court of Washington county; the Hon. AMOS WATTS, Judge, presiding.

Messrs. C. W. & E. L. THOMAS, for the plaintiff in error.

Mr. P. E. HOSMER, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This action was commenced before a justice of the peace of Washington county, by J. F. Finley, plaintiff, and against Hugh P. Green, defendant, on a promissory note made by David W. Halbert and Joseph A. Halbert, payable to Green. The note came, by regular indorsement, to the hands of the plaintiff. Judgment was rendered by the justice, in favor of defendant, and against the plaintiff, for costs. On appeal to the circuit court, a jury was waived, and the case tried by the court, who found for the defendant. To reverse this judgment the plaintiff prosecutes this writ of error.

The only question in the case is, what is the character of Green's undertaking? The plaintiff claimed he occupied the position of a maker of the note, and his liability absolute and unqualified. Green's counsel contended his liability was not absolute as maker of the note, but contingent only as an indorser, and this was the judgment of the circuit court. The facts attending the transaction are controverted, but we think it is very clear Green occupied the position of an indorser, and is only liable as such. He, being the payee of the note, could not, at the same time, be the maker, and be bound by a promise to pay himself, and it would have no binding effect until vitality was imparted to it by putting his name on the paper. No action at law could be maintained against him on the note until the same was indorsed by him. *Blatchford* v. *Milliken*, 35 Ill. 434, is in point.

The testimony on behalf of plaintiff was to the effect that defendant said, when he passed the note to Hamilton, by placing his name on the note, that he would make it good, and shows the character of his undertaking:—"If the Halberts are unable to pay the note, I will pay it." This is substantially the testimony. By his indorsement, he undertook to make it good in the event the Halberts were unable to pay, when the

note matured.   The testimony on both sides shows the Halberts were abundantly able to pay the note, had measures been taken against them by the holder.   No diligence was used in this regard, and, as a consequence, Green, the indorser, escapes liability.

The law was properly adjudged by the circuit court, on the facts, and that judgment is affirmed.

*Judgment affirmed.*