Patterson *et al. v.* Carrell.

## PATTERSON ET AL. *v.* CARRELL.

PROMISSORY NOTE.—*Payable in Bank of Another State.*—*Presumption.*—*Law Merchant.*—*Common Law.*—*Law of Foreign State.*—*Evidence.*—*Diligence.*— In an action by an endorsee, against his endorser, on a promissory note which, on its face, was executed and payable at a bank in another State, the maker of which was alleged to be a non-resident of this State, all the evidence introduced was the note, the endorsement thereof and a protest.

*Held*, on motion for a new trial, that the evidence is insufficient to sustain a verdict for the plaintiff.

*Held*, also, that the endorsement, in the absence of evidence to the contrary, is presumed to have been made at the time and place of the execution

of the note; and that the note and endorsement are governed by the law of that place.

*Held,* also, it being presumed that the common law prevails in that place, and promissory notes not being governed, at common law, by the law merchant, that the note in suit is not so governed.

*Held,* also, that the statute of such State should be pleaded and proved, as courts of this State do not judicially know the law there in force.

*Held,* also, that the evidence shows no diligence, and no excuse for a failure to use due diligence, in proceeding against the maker, necessary to bind the endorser of a note not payable in bank.

From the Blackford Circuit Court.

*W. H. Carroll,* for appellants.

PERKINS, J.—The following complaint was filed before a justice of the peace:

"Samuel S. Carrell and George W. Hutchinson, partners under the name of S. S. Carrell & Co., complain of Sidney R. Patterson and Robert Willoughby, under the firm name of S. R. Patterson & Co., and say, that one John Mayer, by the name of Jno. J. Mayer, on the 5th day of December, 1875, by his note, which, with the endorsement thereon, is filed herewith and made a part of this complaint, promised to pay to the order of the defendants (Patterson and Willoughby), by their firm name aforesaid, one hundred and sixty-nine and $\frac{56}{100}$ dollars; and that said defendants endorsed said note to the plaintiffs by their firm name aforesaid; yet said John J. Mayer did not pay the note when it became due, upon presentation at the place where payable, of which the defendants had due notice. Plaintiffs allege that said John J. Mayer is not a resident of the State of Indiana, and that said note, and one dollar and twenty-five cents notarial fee for protesting said note, are due and unpaid; and plaintiffs demand judgment for two hundred dollars."

Judgment before the justice for the plaintiffs.

Upon appeal, in the circuit court, there was a jury trial; verdict and judgment for the plaintiffs.

A motion for a new trial, assigning as cause that the

verdict was unsupported by the evidence, was overruled, and exception entered.

The evidence is in the record, and follows. The plaintiffs gave in evidence the note, with the endorsements thereon mentioned in the complaint. We copy:

"$169$\frac{56}{100}$.                DAYTON, O., Dec. 8th, 1875.

"Thirty days after date, I promise to pay to the order of S. R. Patterson & Co. one hundred and sixty-nine $\frac{56}{100}$ dollars, for value received, at Dayton Savings Bank, Dayton, O.                JOHN J. MAYER.

"Due Jan. 7-10.

Endorsed:   "Pay to order of S. S. Carrell & Co.

"S. R. PATTERSON & Co.

"Pay to Charles E. Drury, Esq., cashier, or order, for collection on acct. of Hartford City Bank.

"E. T. CHAFFEE, Cashier."

The plaintiffs also gave in evidence a notarial protest, in the usual form, for non-payment of the note on demand at the Dayton Savings Bank, made by George M. Young, notary public, Montgomery county, O., which recited, that, on the same day, he notified the endorsers by letters deposited in the Dayton, O., post-office, addressed to them severally, under cover to E. T. Chaffee, Esq., cashier of Hartford City Bank, Hartford City, Indiana, post-paid.

This was all the evidence given in the cause. The note was given in Ohio, endorsed in Ohio, and payable in Ohio. The endorsements on it are without date and designation of place where made. The presumption is, that they were made at the time and place of the execution of the note, the contrary not being shown. See *Dawson* v. *Vaughan*, 42 Ind. 395.

The note and endorsements are Ohio contracts, (*Hunt* v. *Standart*, 15 Ind. 33, *Yeatman* v. *Cullen*, 5 Blackf. 240,) and are to have effect according to the law of that State, if it is known legitimately by the court. We presume the common law prevails in Ohio, the contrary not

being shown. *Smith* v. *The Muncie National Bank,* 29 Ind. 158; *Schurman* v. *Marley,* 29 Ind. 458; *Alvord* v. *Baker,* 53 Ind. 279.

The *lex mercatoria,* the law merchant, is a part of the common law, and governs bills of exchange, (*Piatt* v. *Eads,* 1 Blackf. 81,) but the *lex mercatoria* did not, at common law, apply to promissory notes. Byles Bills, 6th ed., p. 15; *Mix* v. *The State Bank,* 13 Ind. 521.

The duties and liabilities of parties to promissory notes, in the several States, are, in the main, prescribed by the statutes of the States. In some of them, such notes are put upon the footing of bills of exchange; in others, not. To enable the courts of this State, in cases like the present, to judicially know and administer the law of a sister State, that law must be pleaded and proved as a fact. 2 R. S. 1876, p. 77, note. In the absence of such showing in any given case, the courts of this State will administer the law of this State, at all events, where it is not variant from the common law. By the law of Indiana, the note in suit is not governed by the law merchant. It is not payable at a bank in this State. The diligence to be used, therefore, to enable the assignee to successfully sue his assignor, must be, not that required of the holder of a bill or note by the law merchant, but such as is required by sec. 4 of the statute of this State concerning promissory notes, etc., 1 R. S. 1876, p. 636, which section reads:

"Any such assignee having used due diligence in the premises, shall have his action against his immediate or any remote endorser, and in suit against a remote endorser, he shall have any defence which he might have had in a suit brought by his immediate assignee."

What constitutes due diligence, under this section of the statute, is a question for the court, upon any given state of facts. As a general rule, diligence, upon assigned notes not governed by the law merchant, consists in a reasonably prompt suit against the maker, on his failure to

pay the note when due, followed by a reasonably prompt
execution on the judgment. *Willson* v. *Binford*, 54 Ind.
569. One of the facts which excuses such suit is the re-
moval of the maker from, and his becoming a non-resident
of, the State, after the assignment and before the coming
due of the note. *Holton* v. *McCormick*, 45 Ind. 411. It
is claimed, that this case is brought by the evidence with-
in the exception; but it is not.

The judgment is reversed, with costs, and the cause re-
manded for further proceedings, in accordance with this
opinion.