## TITUS v. SEWARD.

PROMISSORY NOTE.—*Assignment.*—*Non-Residence of Maker.*—*Attachment.*—
Where the maker of a promissory note becomes a non-resident of the
State after an assignment of the note and before its maturity, and is a
non-resident at the time of its maturity, the assignee may recover directly
from the assignor, even if the maker had returned temporarily to the
State after the maturity of the note and before the bringing of the suit,
and at the time of such temporary return had property in his possession
which might have been attached by the assignee of the note

From the Madison Circuit Court.

*J. A. Harrison*, for appellant.

*W. R. Pierse* and *J. H. McConnell*, for appellee.

SCOTT, J.—This was an action by Titus against Seward,
on an endorsement of a promissory note.

The complaint was in three paragraphs. There were
three answers. Issues were formed and trial by jury, and
a general verdict for the defendant. There were special
interrogatories put to the jury, and answers thereto.
The answers to the interrogatories find the following
facts :

The note was dated February 25th, 1868, and was due
in twenty-two months from date. When the endorsement
was made, the parties all lived in Madison county, In-
diana. The maker of the note, before it became due,
moved from the State of Indiana to the State of Illinois.
The maker of the note, at the time it became due, resided
in the State of Illinois. That the maker of the note contin-
ued to reside in the State of Illinois until the day of
the trial. The plaintiff and the defendant, from the
time of the endorsement until the time of the trial,
resided in Madison county, Indiana. That, at the time the
maker of the note removed from the State of Indiana, he
left some property in the State of Indiana. That, before the
maturity of the note, the maker brought fifty-five head of

cattle to Madison county, Indiana. That the maker's father sold said cattle the last of April, 1870. That the maker was not in the State of Indiana until these catle were sold. That the maker returned to Indiana about the 1st of September, 1870, when his father died, and at this time had two horses, a wagon and harness. That he returned, when he took his mother home with him, and there was no evidence as to how long he stayed. That his returns to the State of Indiana were only temporary. That there was due on the note the sum of two hundred and forty dollars and fifty cents.

On these special findings of the jury, the plaintiff moved for a judgment notwithstanding the general verdict, and this motion was overruled, to which ruling he excepted. Motion for a new trial overruled, and exceptions, and judgment for the defendant on the general verdict.

The appellant claims in his assignment of errors, that the court erred in overruling his motion for a judgment on the special findings, and that the court erred in overruling his motion for a new trial.

Upon the trial the court instructed the jury as follows:

" That the law does not require that the assignee of a note should resort to the extraordinary process of attachment. If you find from the evidence that the maker of the note, removed from the State before the maturity of the note, the plaintiff might proceed at once against the defendant and hold him responsible for the payment of the note; but, if you further find from the evidence that Obadiah Seward, the maker, after the maturity of the note and before suit was brought against the defendant, returned to the State of Indiana, bringing with him property out of which the money might have been made on said note by judgment and execution, your finding should be for the defendant."

Under this instruction, if the jury regarded their duty,

they were compelled to find a general verdict for the defendant.

We are of the opinion that the general verdict was in harmony with the instruction, and that the special findings were inconsistent with the general verdict; that the court erred in not sustaining the motion of the plaintiff for a judgment on the special findings; that the instruction was not correct. *Bernitz* v. *Stratford*, 22 Ind. 320 ; *Holton* v. *McCormick*, 45 Ind. 411.

The judgment is therefore reversed, with instructions to the circuit court to sustain the motion for a judgment on the special findings, and enter a judgment in favor of the plaintiff and against the defendant, for the sum of two hundred and forty dollars and fifty cents, with interest from the 22d day of June, 1877.

Petition for a rehearing overruled.