No. 9515.

## STEVENS v. ALEXANDER, ADMINISTRATOR.

PROMISSORY NOTE.--- *Assignee and Assignor.--- Due Diligence.*---Where the maker of a promissory note becomes a non-resident of this State, after the assignment of the note and before its maturity, due diligence does not require the assignee to pursue the maker out of the State, before he can maintain an action against his immediate or remote assignor. But the rule is different where the maker of the note is a non-resident of this State, at the time of the assignment ; for, in such case, the assignee must pursue the maker with due diligence, or show that such diligence would be unavailing, in order to maintain his action against the assignor.

From the Orange Circuit Court.

*W. Farrell*, for appellant.

*W. J. Throop*, for appellee.

HOWK, J.—In this case, the appellee sued the appellant as the assignor of three promissory notes, not payable at a bank in this State. The cause, having been put at issue, was tried by the court, and a finding was made for the appellee; and, over the appellant's motion for a new trial, the court rendered judgment on its finding.

In this court, the first error complained of by the appellant is the decision of the circuit court, in overruling his demurrer to appellee's complaint. In his complaint, the appellee alleged, in substance, that one John Courtney, on September 1st, 1873, by his three promissory notes, promised to pay to the order of the appellant, $398, with ten per cent. interest from date ; that the appellant assigned in writing the said notes to the appellee's intestate, and copies of the said notes and of the said assignments thereof were filed with and made parts of the complaint; and that, at the maturity of said notes, the said John Courtney was, ever since had been, and then was a non-resident of the State of Indiana; wherefore, etc. The copies of the assignments, filed with the complaint, show by the dates thereof that each of the three notes was assigned long before its maturity, by the appellant, to appellee's intestate.

It is earnestly insisted by the appellant's counsel, that the complaint in this case was bad on the demurrer thereto, for the want of sufficient facts, for the following reasons :

" 1. It does not allege that, at the time of the assignment, the maker of the notes resided within the State of Indiana.

" 2. It does not allege that the notes were assigned within the State of Indiana.

" 3. It does not allege that the notes were executed within the State of Indiana."

In section 4 of the act of March 11th, 1861, concerning promissory notes, etc., sec. 5504, R. S. 1881, it is provided that any assignee of such a note, " having used due diligence in the premises, shall have his action against his immediate or any remote endorser." Where the assignee of such a note brings his action against the assignor thereof, he must allege in his complaint such facts as will show that, having used due diligence in the premises, he has failed to collect the note, or some part of it, from the maker thereof, or such facts as will legally excuse him from the use of such due diligence.

It will be seen from our summary of the complaint, in this case, that the appellee has alleged therein, as an excuse for his failure to use due diligence against the maker of the notes in suit, the fact of the non-residence of such maker, in this State, at and since the maturity of such notes. We do not think that this allegation was sufficient to constitute a valid or legal excuse for his failure to use due diligence in the premises against the maker of the notes, or to show a cause of action in appellee's favor against the appellant, as the assignor of such notes.

In *Bernitz* v. *Stratford*, 22 Ind. 320, it was held by this court, that, if the maker of the note became a non-resident of the State, after the assignment thereof, due diligence does not require that the assignee should pursue the maker out of the State, before he could have his action against his immediate or remote assignor. A different rule obtains, however, where the maker of the note is a non-resident of this State, at the

time of the assignment; for, in such a case, the assignee must pursue the maker with due diligence, or show that such diligence would be unavailing, in order to have and maintain his action against the assignor.

We are of the opinion, therefore, that the appellee's complaint in this case was bad, on the demurrer thereto, for the want of an additional averment therein, to the effect that the maker of the notes in suit became a non-resident of this State, after the assignment thereof. We do not think, however, it was necessary that the complaint should have alleged that the notes were either executed or assigned within this State; but, for the first reason assigned by the appellant's counsel and heretofore quoted, it seems to us that the trial court erred in overruling the demurrer to appellee's complaint.

This conclusion renders it unnecessary for us to consider and decide any question arising under the alleged error of the court, in overruling appellant's motion for a new trial.

The judgment is reversed, with costs, and the cause is remanded, with instructions to sustain the demurrer to the complaint, and for further proceedings.