Smythe *v.* Scott *et al.*

No. 12,401.

Filed April 17, 1886.

———————◆———————

No. 12,145.

SMYTHE *v.* SCOTT ET AL.

PROMISSORY NOTE.—*Endorsement. — Parol Evidence. — Consideration.* — The liability of the payee of a promissory note, who endorses it in the regular course, can not be extended by parol evidence, although in exceptional cases it may be limited by facts showing the consideration upon which the endorsement was made.

SAME.—*Presumption.—Proof of Consideration.*—Presumptively, the consideration for the endorsement of a promissory note by the payee is the amount of the note and interest, but if that is in dispute the actual consideration may be shown.

SAME.—*Insolvent Maker.—Diligence.—Pleading.*—A complaint against the

payee of a promissory note on his endorsement, filed three years after the endorsement and the maturity of the note, which alleges that at the date of the endorsement the maker "was then and there insolvent," without more, and, in the present tense, that he "is not resident in the State of Indiana," does not show sufficient diligence, it not appearing therefrom that a suit, brought at the earliest opportunity, would have been unavailing, or that the maker was not a resident, owning property subject to execution, after the note matured.

SAME.—*Averment as to Non-Payment.*—The statement, "wherefore a cause of action hath accrued," in the prayer of a complaint on a promissory note, does not, of itself, show that the note remains unpaid.

SAME.—*Copy.*—A complaint on a promissory note, against the endorser, which sets out neither a copy of the note nor of the endorsement, is bad.

From the Putnam Circuit Court.

*H. H. Mathias* and *H. C. Lewis*, for appellant.

*M. A. Moore* and *G. C. Moore*, for appellees.

MITCHELL, J.—Smythe was for several years the treasurer of Greencastle Commandery No. 11, K. T. Upon resigning the office, and in settlement for moneys which he received as treasurer, he delivered to his successor a note for two hundred dollars, due one day after date, payable to " G. C. Smythe, Tr. G. C. Commandery, No. 11, K. T." The note was signed by Wm. A. Brown, dated February 16th, 1878, and was transferred, as stated, on the 17th day of May, 1878. · It was endorsed at the time, " G. C. Smythe."

This suit was brought by the trustees of the commandery. The complaint was in five paragraphs. Three were against the appellant as endorser of the note, one for converting the funds of the commandery, and one for money had and received.

The first three paragraphs proceed upon the theory that the appellant is liable on the note as endorser. Moreover, it is argued that the facts averred in the first paragraph make him liable as maker of the note.

The averments relied on to produce this result are, in substance, that when the appellant resigned the office of treasurer, he had in his hands a large amount of money belonging

to the commandery; that an accounting was had, at which he produced the note in suit, and demanded that it be received in discharge of so much of his liability. It is averred that Brown, the maker of the note, was insolvent, and in order to induce his successor to accept it in settlement, the appellant agreed that he would sign his name on the back, and be bound as an original maker. In pursuance of this agreement he wrote his name on the back of the note, intending thereby to sign it as an original maker. His successor received it in settlement of so much of the appellant's liability to the commandery.

The facts averred do not put the appellant in the relation of an original maker of the note. It is the ordinary case of an endorsement by the payee. It does not appear from the averments in either the first or second paragraph of the complaint, that the consideration of the note was funds of the commandery. It was payable to Smythe, and so far as the averments show was his note. This is not the case of an irregular endorsement by one who sustains no other relation to the paper, except such as arises out of the endorsement and the accompanying circumstances. In a case like this, the implication which the law raises from the fact of endorsement by the payee is conclusive. Parol evidence can not be received to vary or contradict the contract which the law implies. *Stack* v. *Beach*, 74 Ind. 571 (39 Am. R. 113), and cases cited; *Doolittle* v. *Ferry*, 20 Kan. 230 (27 Am. R. 166); *Lee* v. *Pile*, 37 Ind. 107; *Schmied* v. *Frank*, 86 Ind. 250; *Kealing* v. *Vansickle*, 74 Ind. 529 (39 Am. R. 101).

Where an endorsement is by the payee, the law furnishes brief, comprehensive and universally recognized expressions, which determine by implication the contract the parties have made. Wise policy demands that the force legally attributable to these forms be adhered to. Each form of endorsement should conclusively carry with it the liability which it implies. This being the endorsement of a payee, is to be regarded as in the regular course, and not subject to qualifica-

tion by parol. The facts averred do not bring it within any of the exceptions which obtain in respect to irregular endorsements. In such cases the relation of the endorser is ambiguous, and may be explained by parol.

Where an endorsement is made by a payee without consideration, or upon some trust arising out of an antecedent transaction, or to accomplish some special purpose, the facts which go to show the transaction may be shown. This, for the purpose of showing the equities between the parties, and to determine the consideration upon which the endorsement was made. *Breneman* v. *Furniss*, 90 Pa. St. 186 (35 Am. R. 651); *Dale* v. *Gear*, 38 Conn. 15 (9 Am. R. 353); *Chaddock* v. *Vanness*, 35 N. J. L. 517 (10 Am. R. 256); *Lovejoy* v. *Citizens' Bank*, 23 Kan. 331.

While in exceptional cases the implied contract of the payee may be restricted or limited by facts showing the consideration upon which the endorsement was made, his liability can not be enlarged. *Finley* v. *Green*, 85 Ill. 535; Daniel Neg. Inst., section 719.

The cases which hold that the liability of an endorser may be enlarged by parol, have no application to endorsements made in the regular course. The endorsement in this case having been made by the payee in the regular course, and no ambiguity appearing in his relation to the paper, his liability is fixed by the contract which the law implies. *Vore* v. *Hurst*, 13 Ind. 551.

Whether or not the first three paragraphs are sufficient must, therefore, be determined upon the assumption that each proceeds against the defendant as endorser. The averments which seek to charge him as maker, or which attempt in any way to vary the contract of endorsement, are to be disregarded.

Referring to the date of the endorsement, the averment in the first paragraph is, that the maker of the note " was then and there insolvent," and, speaking in the present tense, the complaint avers that the maker " is not resident in the State

of Indiana." The averments on the subject of diligence in the other paragraphs are not essentially different from those contained in the first. The note was endorsed May, 1878. Suit was commenced April, 1881. The averment that the maker was then and there insolvent, without more, does not come within the rule. It must be made to appear that the maker of the note was insolvent, and that he did not own property subject to execution, out of which the debt or any part thereof could have been made. *Somerby* v. *Brown*, 73 Ind. 353; *Schmied* v. *Frank*, 86 Ind. 250; *Simpkins* v. *Smith*, 94 Ind. 470; *Gwin* v. *Moore*, 79 Ind. 103; *Hayne* v. *Fisher*, 68 Ind. 158; *Herald* v. *Scott*, 2 Ind. 55.

Whatever may be the reason for maintaining the distinction between the averment that the maker is "insolvent" and that he is "wholly and notoriously insolvent," and that he had, at the time suit could have been brought, no property subject to execution, it clearly appears that it has been maintained. The averment in that respect must be such as to show that a suit, brought at the earliest opportunity after the maturity of the note, would have been unavailing. That it can be averred of the maker, he is insolvent, is not sufficient. He may nevertheless have had abundant property out of which the debt in question could have been collected. Nor is the complaint rescued by the averment that "said Brown is not resident in the State of Indiana." For all that appears, he may have been a resident of the State, owning sufficient property to pay the debt at the time the note matured. If the maker of a promissory note becomes a non-resident after the assignment, and before the note matures, this affords a sufficient excuse for not suing. If, however, he is a resident of the State, and owns property subject to execution when the note falls due, he must be proceeded against at the first opportunity, or the endorser will be discharged. *Bernitz* v. *Stratford*, 22 Ind. 320; *Holton* v. *McCormick*, 45 Ind. 411; *Patterson* v. *Carrell*, 60 Ind. 128; *Stevens* v. *Alexander*, 82 Ind. 407.

Moreover, it is not averred in either the first or third paragraphs, that the note remains unpaid, nor is there a statement of facts in either from which the inference of non-payment fairly arises. The statement, "Wherefore a cause of action hath accrued," found in the prayer of the complaint is all that is claimed as raising an inference of non-payment. We think this is not sufficient. *Wheeler and Wilson Manfg. Co.* v. *Worrall,* 80 Ind. 297.

The third paragraph is also fatally defective, in that it neither sets out a copy, nor in any manner refers to the note, or the endorsement thereof. *Rairden* v. *Winstandley,* 99 Ind. 600; *Williams* v. *Osbon,* 75 Ind. 280; *Sinker, Davis & Co.* v. *Fletcher,* 61 Ind. 276.

It results that the demurrer to the first three paragraphs of the complaint should have been sustained.

The form of the demurrer, upon which some criticism is indulged, is, to say the least, neither apt nor well chosen. It fairly appears, however, under a liberal construction, that it is, and was intended to be, a separate demurrer to each paragraph of the complaint. *Northwestern Mut. L. Ins. Co.* v. *Hazelett,* 105 Ind. 212, and cases cited.

So far as evidence was admitted, which tended to show an agreement by parol, on the part of the endorser, to pay the note, the ruling of the court was erroneous. Parol evidence for that purpose was not admissible. Presumptively, the consideration for the endorsement was the amount of the note and interest.

It was competent to prove the actual consideration for the endorsement, if that which the law presumes was in dispute. If the consideration of the note was the funds of the commandery, and if the loan was made without authority, or if the funds came into jeopardy by reason of the neglect of the appellant, or if there was an actual controversy on the subject, these, or any one of them, if well founded, may have afforded a sufficient consideration to hold the appellant for the

full amount of the note, if he received credit on his account as treasurer for that amount.

The errors predicated on the instructions of the court are not sustained. The instructions stated the law of the case with accuracy. There is no merit in the point made against the qualification of the presiding judge. With commendable propriety he disclosed his relation to the commandery. The parties having waived any objection to his qualification, the judge should not thereafter have been embarrassed with the question.

Judgment reversed, with costs, with instructions to sustain the demurrer to the first three paragraphs of the complaint.

Filed April 13, 1886.