No. 1,738.

## PEOPLE'S NATIONAL BANK v. WINTON.

PLEADING.—*Complaint.*—*Note.*—*Indorser.*—*Notice.*—That the averments of the complaint are not broad enough to bring the case within the exceptions to the rule that the indorser of a note is entitled to notice of nonpayment, as where the indorser is the principal debtor and the maker an accommodation-maker, see opinion.

PROMISSORY NOTE.—*Indorser.*—*Notice.*—To hold the indorser of mercantile paper, notice of dishonor must ordinarily be given him.

SAME.—*Indorser.*—*Accommodation Maker.*—*Notice.*—But an indorser for whose accommodation the note has been given is not entitled to notice.

SAME.—*Indorser.*—*Notice.*—*Discounted by Indorsee.*—*Accommodation Maker.*—Although the note be discounted by the indorsee to accommodate the payee who indorses it, yet the indorser is entitled to notice unless the note was executed for his accommodation as between himself and the maker.

From the Daviess Circuit Court.

*J. W. Ogdon* and *E. Inman*, for appellant.

*C. K. Tharp*, for appellee.

GAVIN, J.—The appellant sued the appellee as indorser of a note, payable to him or order at a bank in this State, and by him indorsed. A demurrer was sustained, because the complaint failed to aver notice to appellee of the nonpayment.

The note was, under our statute, negotiable as an inland bill of exchange. R. S. 1881, section 5506; R. S. 1894, section 7520.

Having therefore the character of mercantile paper, the indorser would ordinarily be entitled to notice of nonpayment in order to hold him. *De Pauw* v. *Bank of Salem*, 126 Ind. 553.

Counsel for the appellant claim, however, that the facts averred bring this case within a well-recognized exception to the general rule, and that no notice was necessary.

The complaint avers that the North Bedford Company, by its note, etc., promised to pay appellee $250, etc.; that at the time of the execution of the note, the appellee indorsed it to the appellant in consideration of its advancing and paying over to said Stone company $250.00 for him and his sole accommodation; that at the time of the indorsement of said note the appellant did, at the request of the appellee and for his sole use and benefit, and to accommodate the appellee, advance and pay over the money to said Stone company, and that this sum so paid was the only consideration ever advanced or paid on said note.

The exception to the rule, of which appellant seeks the benefit, is quoted by counsel from Story on Prom. Notes, as follows: "If the note be given for the accommodation of the indorser only, and he has the sole interest in its payment and must eventually pay the same, notice to him of dishonor is not necessary."

The law is thus laid down in Rand on Com. Paper, section 1202: "But where the drawer is himself the party accommodated he will not be discharged by want of notice of dishonor, inasmuch as, if he paid the bill, he would acquire no rights thereby against the acceptor, and therefore cannot be injured by want of notice." Again at section 1205: "But an indorser for whose accommodation the paper has been given is not entitled to notice."

The averments of the complaint are not broad enough to bring this case within these exceptions. The complaint does not disclose that as between the maker and

payee or indorser of the note the payee was the party accommodated.   Under these allegations we should conclude that while the discounting or purchase of the note was done by appellant for the benefit and accommodation of appellee, the note in its inception was for the accommodation of the maker, who received the money.   It does not appear but that it was simply a loan of his credit by appellee to the Stone company; or, so far as is shown, appellee may have agreed to make to the Stone company a loan of the amount, and upon receiving its note he may have arranged with appellant to buy the note with his indorsement, and by his direction the appellant may have paid the money, as averred, to the ' maker of the note in fulfillment of appellee's obligation to furnish or loan the maker that amount of money upon its note.   It is clear to us that appellant may have discounted the note and paid over the money solely for the use and benefit, and for the accommodation, of appellee, and yet he may not have been the accommodated party, taking the entire transaction together.   In truth, in a sense, whenever the holder and owner of a note procures it to be discounted by another, and assigns it to him, the money is paid by the assignee for the use and benefit of the indorser.   To apply the rule as broadly as asserted by appellant would dispense with the necessity of notice of dishonor in most cases.   That the liability to appellant assumed by appellee on account of his indorsement is that of an indorser only is not controverted.   *Armstrong* v. *Harshman*, 61 Ind. 52; *Stack* v. *Beach*, 74 Ind. 571; *Armstrong* v. *Cook*, 30 Ind. 22; *Holton* v. *McCormick*, 45 Ind. 411; *Houck* v. *Graham*, 106 Ind. 195.

In our opinion the allegations are not sufficient to show that the Stone company was only an accommoda-

tion-maker and that appellee was the principal debtor. 2 Rand Com. Paper, section 472; Byles Bills, 131; 1 1 Pars. Prom. Notes, etc., 184.

Judgment affirmed.

Filed June 14, 1895.