Huston v. Fatka.

## Huston v. Fatka et al.

[No. 3,962. Filed January 29, 1903. Rehearing denied April 3, 1903.[

Bills and Notes.—*Assignment.—Action Against Assignor.—Res Judicata.*—The assignee of non-negotiable promissory notes brought suit thereon and for the foreclosure of a mortgage securing the same, and made the assignor a party, asking a personal judgment against him as indorser. Foreclosure was had, but no personal judgment was rendered, and the property failed to sell for a sum sufficient to satisfy the judgment and costs. Plaintiff subsequently brought suit to review the judgment on the ground that the court erred in failing to render a personal judgment against assignor, but judgment was rendered for defendant. *Held*, that said judgments did not constitute a bar to an action against the assignor. *pp. 694–702.*

Same.—*Assignment.—Nonresidence of Maker.—Action Against Assignor.*— Where the maker of a promissory note resided in this State at the time of the assignment of the note, but thereafter became and continued to be a nonresident, the assignee of the note is not re-

quired to sue the maker outside of this State, nor resort to attachment of his property in this State before suing the assignor. *pp. 702, 703.*

APPEAL AND ERROR.—*Briefs.*—Errors assigned upon the rulings of the court on demurrers to certain answers and replies will not be considered, where such matters are not presented by "a concise statement of so much of the record as fully presents every error and exception relied on," etc., as required by rule twenty-two of the Appellate Court.  *p. 703.*

From White Circuit Court;  *T. F. Palmer,* Judge.

Action by David J. Huston against Frederick Fatka and others.  From a judgment for defendants, plaintiff appeals.  *Reversed.*

.*C. W. Hanley, J. J. Hunt, W. E. Uhl* and *E. B. Sellers,* for appellant.

*Frank Foltz, C. G. Spitler, H. R. Kurrie, William Cummings* and *William Darroch,* for appellees.

BLACK, P. J.—The appellant brought suit, June 10, 1899, to recover from the appellee Fatka, as assignor by indorsement in writing of certain promissory notes, not payable in bank.  Other persons were made parties, who are named here as appellees, but the contention here is between the appellant and the appellee Fatka.  Issues formed were tried by the court and a special finding was rendered, substantially as follows:  July 18, 1895, one Jones executed to Fatka five promissory notes, each for $500, with interest at the rate of seven per cent. per annum, payable annually, and attorney's fees, the notes being due, by their terms, March 1, 1897, 1898, 1899, 1900, and 1901, respectively.  At the same time, Jones, being then the owner of certain real estate, described, in Newton and Jasper counties, executed a mortgage thereon, his wife joining, to Fatka to secure the payment of the notes.  The mortgage with the acknowledgment thereof is set out in the finding.  It contained among its provisions the following: "It is hereby agreed that if default be made in said principal or interest notes, or any part thereof, or the in-

terest thereon, as specified for the payment thereof, the whole of said principal sum with interest thereon shall immediately become due, and this mortgage may be foreclosed at the option of the mortgagee. But the omission of the mortgagee to exercise this option at any time or times shall not preclude said mortgagee from the exercise thereof at any subsequent default or defaults of the mortgagors in payment as aforesaid, and said mortgagee is not required to give any written notice or other notice whatsoever as to the exercise of said option, but may proceed at any time or times without notice to foreclose hereon." The mortgage was duly recorded in Newton and Jasper counties. On September 27, 1895, Fatka assigned the notes and each of them to the appellant, by writing his name, "Frederick Fatka," on the back of each of them, and he also executed an assignment of the mortgage to the appellant, the assignment being made upon the back of the mortgage and duly acknowledged, and it was recorded in Newton county, January 2, 1896, and in Jasper county, December 30, 1896. July 21, 1896, Jones paid the interest which fell due July 18, 1896, being the first annual instalment of interest accrued on the notes, the payment being made to a certain bank in Rensselaer, Indiana, in the absence of the appellant, and the amount so paid was placed to his credit in the bank, and was afterward checked out and used by him; but he did not know that this instalment of interest was paid on July 21, instead of July 18, 1896, until the date of the commencement of this suit. The notes had been left by him at the bank for payment. Neither at the time of the payment of this instalment of interest, nor subsequently, at any time prior to March 1, 1897, did he declare the entire debt secured by mortgage, or any part thereof, due. March 1, 1897, the first note became due, and it remained unpaid until April 6, 1897, when the appellant elected to declare all of the notes due, and on that day he commenced suit in the Newton Circuit Court to foreclose the mortgage, and

filed a complaint, which is set out in full in the finding. The appellant was the plaintiff therein and he made Jones and his wife defendants, also one Sanford, who was alleged to be the holder of a prior mortgage; also certain persons alleged to have received conveyances of the land subsequent to the mortgage to Fatka; also a person alleged to occupy the land as tenant; also the appellee Fatka, as to whom, after alleging the execution to him of the notes and mortgage, described and exhibited, and the acknowledgment and recording of the mortgage, it was alleged that the appellee Fatka indorsed and assigned said notes and mortgage to the appellant on the 27th day of September, 1895; the recording of the assignment in mortgage record, etc., also being alleged. The prayer was for judgment for $3,500 and the foreclosure of the mortgage and the sale of the real estate, etc.; also that the plaintiff therein "have personal judgment against the defendant Frederick Fatka."

It was further stated in the special finding herein, that at the time of the filing of the complaint in the foreclosure suit, Jones and wife were nonresidents of this State, and had no property in this State subject to execution; that the plaintiff in that suit caused a summons to issue to the sheriff of Newton county, Indiana, for the defendant Jones, and it was served on him by reading at his home in the state of Illinois, where he then resided, and where he had resided since the year 1896, and due proof of such service was made and filed in the Newton Circuit Court, showing service on Jones more than thirty days prior to the return day of such writ, which was May 17, 1897; also that the plaintiff in that suit caused a summons to be issued for the defendant Frederick Fatka by the clerk of the Newton Circuit Court to the sheriff of Jasper county, Indiana, which was by that sheriff served on Fatka, April 15, 1897, more than ten days before the return day, May 17, 1897. It was further stated in the special finding that it was not alleged in the complaint in the foreclosure suit that the

notes were payable in a bank of discount and deposit of Indiana, or that Jones was insolvent or a nonresident of Indiana, or that judgment had been taken against him, and his property exhausted by execution; that the prayer of the complaint in that suit asked a judgment against Frederick Fatka, and the foreclosure of the mortgage, and all proper relief; that on May 17, 1897, Jones and Fatka were defaulted, and a judgment was rendered by the Newton Circuit Court foreclosing the mortgage, with a decree for the sale of the mortgaged premises to pay the costs and the plaintiff's debt evidenced by the notes, with accrued interest and attorney's fee,—being a judgment and decree *in rem,* no personal judgment being rendered against any defendant in the cause; that the notes and mortgage, and the written indorsement of Fatka upon the notes, were offered in evidence on the trial; that the court refused to enter a personal judgment against Fatka; that the judgment has never been appealed from, and is unrevoked and unmodified; "that the notes and indorsements sued on in said cause are the same as are sued on in this cause, and that the plaintiff, David J. Huston, in said cause was and is the David J. Huston, plaintiff herein, and the defendant herein, Frederick Fatka, is and was the Frederick Fatka, defendant in said cause." It was further found that afterward, at the May term, 1898, the plaintiff in that suit filed in the Newton Circuit Court, within one year from the rendition of the judgment and decree aforesaid, a complaint to review that judgment and decree, alleging for cause of review that the court had erred in failing to render a personal judgment over against Fatka for the amount of the debt, filing therewith a copy of the record in the original action; that Fatka appeared in the suit to review, and filed a demurrer to the complaint, alleging as cause of demurrer that the complaint to review did not state facts sufficient to constitute a cause of action, which demurrer was sustained, and judgment thereon was rendered against the plaintiff, and in favor of Fatka, May 19, 1898.

It was further found that after the rendition of the judgment and decree, a copy thereof, with a mandate attached, directing the sheriff to carry out the decree by sale of the mortgaged land, was issued, on the plaintiff's order, to the sheriff of Newton county, who, in pursuance thereof, after legal notice, sold the land to the plaintiff, June 28, 1897, for $1,000, of which the sum of $908.55 was applied to the plaintiff's debt, the remainder being applied to the costs; that no one redeemed the mortgaged premises from the sale, and within the year for redemption the plaintiff sold his certificate of purchase to one Drake, to whom the sheriff, June 29, 1898, executed a deed for the land. The plaintiff realized from his sale of the certificate to Drake the amount only which the plaintiff had paid at the sale, with eight per cent. interest thereon from the date of the sale.

The only payment that had been made upon the five notes was the first instalment of interest and the amount realized from the sale as aforesaid, and the remainder of the notes and debts represented by them was due and remained wholly unpaid. The appellant paid the appellee Fatka the full face value of the notes at the time they were assigned "in the year 1896." It was found that Jones removed from the State of Indiana "in the fall of 1895, and has not since then resided in this State, or had property therein subject to execution;" that at the trial of the original action of foreclosure, May 17, 1897, the following evidence, and none other, was introduced: The plaintiff introduced the notes and mortgage and the written assignments thereof; and the plaintiff introduced one Wickwire, who testified that the mortgaged real estate in Newton county was worth from $35 to $40 per acre, and he gave no other testimony. The plaintiff also introduced a witness named Darrok, who testified that the real estate embraced in the mortgage was worth from $25 to $30 per acre, and he testified as to the value of plaintiff's attorney's fees; and no other testimony

was introduced on the trial. It was stated in the finding that neither of the notes was payable in any bank of discount or deposit in this State. It was further found that "since January 1, 1896, the maker of the said notes has been a nonresident of the State of Indiana."

The court stated its conclusions of law upon the foregoing facts as follows: "(1) That all matters alleged and complained of by the plaintiff in this cause have been fully and finally adjudicated by a court of competent jurisdiction, which judgment has not been appealed from, and is now in full force and effect, and that the plaintiff herein is, and of right ought to be, barred from proceeding in this action; (2) that the plaintiff is not entitled to recover, and should take nothing by reason of his complaint herein; (3) that the defendants are entitled to recover their costs and charges in this behalf expended."

The notes in question, not being payable in a bank in this State, were not negotiable as inland bills of exchange, but they were negotiable by indorsement thereon, so as to vest the property thereof in the indorsee or assignee; and the assignee of such instruments may in his own name recover against the person who made them, and any such assignee, "having used due diligence in the premises, shall have his action against his immediate or any remote indorser." §§7515, 7520 Burns 1901. It is also provided that when an action is brought by an assignee of a claim arising out of contract, and not assigned by indorsement in writing, the assignor shall be made a defendant, to answer as to the assignment, except actions on negotiable promissory notes and bills of exchange, transferred in good faith, and upon a good consideration before due. §277 Burns 1901.

To enable the assignee of such a note to sue and recover of the assignor, he must show by his complaint and prove that he has used due diligence by process of law to collect the note of the maker,——the facts relied upon as showing due

diligence being set out in the pleading,—or he must show that by such diligence no part of the debt could have been collected. He is excused from first suing the maker by showing that such suit would have been entirely unavailing at the time when otherwise the law makes it the duty of the assignee to sue, which is as soon as may be after the note becomes due. *Roberts* v. *Maslers,* 40 Ind. 461; *Thompson* v. *Campbell,* 121 Ind. 398. If the maker of such a note be wholly and notoriously insolvent, and has no property subject to execution at the time when suit first might be instituted thereon, this is an excuse for failure to use such diligence by suit against the maker, and the indorsee is not released by such failure to sue the maker. *Pennington* v. *Hamilton,* 50 Ind. 397. The assignee may recover against the assignor by showing that the maker had no property which could be reached by ordinary legal process. *Dick* v. *Hilt,* 82 Ind. 92. If the maker be a resident of the State, and own property subject to execution when the note falls due, he must be proceeded against at the first opportunity, or the indorsee will be discharged. *Smythe* v. *Scott,* 106 Ind. 245. If the maker of such a note become a nonresident of the State after the assignment thereof, and before the note matures, this affords sufficient excuse for not first suing him. *Smythe* v. *Scott, supra; Patterson* v. *Carrell,* 60 Ind. 128.

When the maker of such a note, after the assignment thereof, and before the beginning of the action thereon against the assignor, becomes a nonresident of the State, the due diligence contemplated by the statute does not involve pursuit of the maker out of the State by the holder; and if he has left property in the State which might be reached by attachment, due diligence does not require a resort to proceedings in attachment. *Bernitz* v. *Stratford,* 22 Ind. 320; *Holton* v. *McCormick,* 45 Ind. 411. But when the maker of such a note is a nonresident of this State at the time of the assignment thereof, the assignee must pursue

the maker with due diligence, or show that such diligence would be unavailing, in order to maintain his action against the assignor. *Stevens* v. *Alexander,* 82 Ind. 407. If the maker be alive in the state where he resided when the assignment was made, and be liable on the note, and have any property subject to execution, he must be sued before the holder can sue the assignor; and if the maker die a resident of the state where he resided when the assignment was made, leaving property out of which the note or some part of it might be collected, his estate, if the maker was liable when living, must be proceeded against before suing the assignor. *Bernitz* v. *Stratford, supra.*

In an action brought by an assignee of a non-negotiable promissory note against the maker and indorser, the complaint was held insufficient as against the indorser, because it did not allege the use of due diligence as required by the statute. *Mitchell* v. *St. Mary,* 148 Ind. 111. The assignor of a note not payable in bank can not be sued on the note in the same action with the maker, as can the indorser of a note payable in bank; such assignor being liable to suit on the note only after the use of due diligence against the maker, or upon a showing of a lawful excuse for failure to pursue the maker. *Clark* v. *Trueblood,* 16 Ind. App. 98. The word "indorsement" imports a writing, and when an assignor of a promissory note is sued upon his indorsement, it must be set out in the complaint or must be exhibited with the complaint. *Davisson* v. *Wilson,* 80 Ind. 391. In an action upon a promissory note not payable in bank, brought by the assignee against the maker, the assignment should be averred in the complaint, but it is not necessary to file with the complaint a copy of the indorsement. *Clark* v. *Trueblood, supra.*

The notes here in question having been assigned by indorsement in writing, it was not necessary to make Fatka a defendant in the foreclosure suit to answer as to the assignment. He was made a defendant, however, but the

complaint in that suit did not state any cause of action against him on his indorsement of the notes. Not only was the indorsement not set out or exhibited, but there was no showing in the complaint of due diligence against Jones, and no allegations of any of the facts which would have constituted an excuse for the failure to use such diligence. Being a suit against the maker of the notes and against the mortgagors to foreclose the mortgage, the defendant Fatka could not be required to defend therein as in an action on his indorsement; and the court in that suit, and in the suit to review the judgment therein, properly took such a view of the nature of the proceedings and the theory of the case. The prayer for judgment against Fatka did not determine the nature of the action, which was determinable from the averments of facts on which the cause of action was based. It is quite clear that the cause of action determined by the former judgment was radically different from that involved in the case at bar, and that the court below was in error in holding that the matters complained of by the appellant in this cause were fully and finally adjudicated in the former proceedings wherein the appellee Fatka was a defendant, and that therefore the appellant is barred thereby from proceeding in this action, for the material matter involved in this action certainly was not litigated in the former judgment, and could not properly have been litigated therein.

There is some discrepancy and uncertainty in the statement of dates in the special finding, possibly occurring in some instances from want of due care in copying. In one place the notes are referred to as having been assigned "in the year 1896," while in another place the date of the assignment is definitely stated as September 27, 1895. It is stated that Jones had resided in Illinois "since the year 1896;" also that the maker of the notes had been a nonresident of this State "since January 1, 1896;" also that Jones removed from this State in the fall of 1895, and that

he had not since resided in Indiana, or had property therein subject to execution. It does not clearly appear from the finding whether the maker of the notes was a resident or a nonresident of Indiana at the time of the assignment, and it is not shown that he had been sued on the notes for the recovery of a personal judgment against him, or that such pursuit of him would be unavailing. If he resided in Indiana at the time of the assignment, and thereafter became and continued to be a nonresident of this State, the appellant, as we have seen, would not be required to pursue the maker outside of this State; nor would he be required to resort to attachment of property of the maker in this State before suing the assignor.

The failure to pay the interest due July 18, 1896, until July 21, 1896, did not render the unpaid debt due; for in receiving the overdue interest, and not declaring the whole debt due, the holder exercised an option expressly given him in the mortgage. The first note became due March 1, 1897, and the whole debt became due, by the exercise of the holder's option, April 6, 1897. At these dates, and for a considerable period prior thereto, the maker was a nonresident of Indiana, as is sufficiently shown by the finding; and if it clearly appeared that he became such after the date of the assignment, the right of the appellant to recover in this action would be established.

The appellant assigned errors in rulings on demurrers to some of the numerous paragraphs of answer and a paragraph of reply, but these matters have not been presented, as required by rule twenty-two of this court (Ewbank's Manual, liii), by "a concise statement of so much of the record as fully presents every error and exception relied on," etc.

The case appears to have been disposed of in the special finding upon an erroneous theory, and, intent thereon, some material facts were treated with too slight attention. We think that justice will be subserved by having a new trial.

It is said in the appellant's brief that by some oversight the record does not show a dismissal as to all the defendants except Fatka; that their presence in the case was ignored from the time of an amendment of the complaint; and that they need not be further noticed. No error is suggested concerning any action of the court affecting these other appellees. The appeal, as to them, is dismissed, with costs.

As to the appellee Fatka, the judgment is reversed, with costs, and the cause is remanded for a new trial.